## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAJAN PATEL | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:21-cv-00546 |
| | ) | |
| v. | ) | |
| | ) | Hon. Nitza I. Quiñones-Alejandro |
| ECFMG, | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] ORDER

**AND NOW**, this __ day of _____ 2021, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, **IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Complaint is **GRANTED**.  Plaintiff's Complaint is **DISMISSED with prejudice**.

BY THE COURT:

_____

Quiñones Alejandro, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAJAN PATEL | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:21-cv-00546 |
| | ) | |
| v. | ) | |
| | ) | Hon. Nitza I. Quiñones Alejandro |
| ECFMG, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

DATED: May 25, 2021

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Max O. Bernstein, PA Bar No. 325405
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:    +1.215.963.5917
Facsimile:    +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND .................................................................................................. 2

    A.    ECFMG .................................................................................................... 2

    B.    ECFMG's Seven-Year Rule ................................................................... 3

    C.    Exception Requests To ECFMG's Seven-Year Rule ......................... 3

    D.    Plaintiff Rajan Patel And His Complaint ............................................. 4

III.   ARGUMENT ......................................................................................................... 5

    A.    Plaintiff's Complaint Should Be Dismissed Because This Case Is Not Ripe. ...................................................................................................... 5

    B.    Plaintiff's Complaint Should Be Dismissed Because It Fails to State a Claim. ................................................................................................. 8

        1.    Plaintiff Has Not Stated A Due Process Claim Against ECFMG. ............ 9

        2.    Plaintiff Has Not Stated An ADA Claim Against ECFMG.................... 12

        3.    Plaintiff Has Not Stated Any Other Claims............................................ 13

IV.    CONCLUSION.................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs v. Gardner*,
    387 U.S. 136 (1967) ................................................................................................6

*Allen v. Wright*,
    468 U.S. 737 (1984) ................................................................................................6

*Anderson v. Macy's, Inc.*,
    943 F. Supp. 2d 531 (W.D. Pa. 2013) ....................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................8, 9, 13

*Ashwander v. Tenn. Valley Auth.*,
    297 U.S. 288 (1936) ................................................................................................7

*Babbitt v. Untied Farm Workers Nat'l Union*,
    442 U.S. 289 (1979) ................................................................................................6

*Barnum v. Milbrook Care Ltd. P'ship*,
    850 F. Supp. 1227 (S.D.N.Y. 1994) ........................................................................9

*Bd. of Regents of State Colls. v. Roth*,
    408 U.S. 564 (1972) ..............................................................................................11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................8

*Boerger v. Levin*,
    812 F. Supp. 564 (E.D. Pa. 1993) ...........................................................................7

*Brown v. Fed'n of State Med. Bds.*,
    No. 82-7398, 1985 WL 1659 (N.D. Ill. May 31, 1985) .........................................11

*Byers v. Intuit, Inc.*,
    No. 07-4753, 2009 WL 948651 (E.D. Pa. Mar. 18, 2009) ......................................8

*Doe v. Cty. of Centre*,
    242 F.3d 437 (3d Cir. 2001) .................................................................................6, 7

*Elias v. ECFMG*,
    No. A-1447-09T3, 2010 WL 4340640 (N.J. Super. Ct. App. Div. Nov. 4,
    2010) .............................................................................................................9, 10, 11

ii

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3d Cir. 2009)..............................................................................2, 8

*Grayson v. Mayview State Hosp.*,
 293 F.3d 103 (3d Cir. 2002).................................................................................16

*Loftus v. SEPTA*,
 843 F. Supp. 981 (E.D. Pa. 1994) ........................................................................10

*Lum v. Bank of Am.*,
 361 F.3d 217 (3d Cir. 2004)...................................................................................2

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
 312 U.S. 270 (1941)...............................................................................................6

*Matthews v. Eldridge*,
 424 U.S. 319 (1976).........................................................................................11, 12

*McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*,
 24 F.3d 519 (3d Cir. 1994).................................................................................9, 10

*Opoku v. ECFMG*,
 574 F. App'x 197 (3d Cir. 2014) ........................................................................9, 10

*Osei v. Temple Univ.*,
 518 F. App'x 86 (3d Cir. 2013) ............................................................................12

*Peachlum v. City of York*,
 333 F.3d 429 (3d Cir. 2003)...................................................................................6

*Philadelphia Fed'n of Teachers v. Ridge*,
 150 F.3d 319 (3d Cir. 1998)...................................................................................6

*Pittsburgh Mack Sales & Serv. v. Int'l Union of Operating Engineers, Local
 Union No. 66*,
 580 F.3d 185 (3d Cir. 2009)...................................................................................5

*Plasko v. City of Pottsville*,
 852 F. Supp. 1258 (E.D. Pa. 1994) ........................................................................8

*Rendell-Baker v. Kohn*,
 457 U.S. 830 (1982)................................................................................................9

*Renne v. Geary*,
 501 U.S. 312 (1991)................................................................................................6

*Staudinger v. ECFMG*,
 No. 92-8071, 1993 WL 138954 (S.D.N.Y. Apr. 28, 1993) ................................9, 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007)........................................................................................2

*Texas v. United States,*
    523 U.S. 296 (1998)........................................................................................6

*Thomas v. NBME-Nat'l Bd. of Medical Exam'rs,*
    No. 13-3946, 2015 WL 667077 (E.D. Pa. Feb. 13, 2015) ......................9

*Winer Fam. Trust v. Queen,*
    503 F.3d 319 (3d Cir. 2007)...........................................................................2

*Wyatt v. Gov't of V.I.,*
    385 F.3d 801 (3d Cir. 2004)...........................................................................6

**Rules**

Fed. R. Civ. P. 12 ............................................................................... *passim*

**Other Authorities**

5B Wright & Miller, Federal Practice and Procedure, § 1357 (3d 2004)...................................8, 3

## I.    INTRODUCTION

Defendant ECFMG[1]—a private non-profit organization that (among other things) certifies whether international medical graduates ("IMGs") have met minimum requirements to be eligible for medical residency programs in the United States—moves for dismissal of Plaintiff Rajan Patel's Complaint against it.   As part of its certification requirements, ECFMG mandates that IMGs take and pass certain tests within a seven-year period (the "Seven-Year Rule").   If an IMG fails to do so, the first passing score becomes invalid, and a new seven-year period begins to run from the date of the next-passing score.   The Seven-Year Rule does not prohibit IMGs from taking examinations; it is focused only on the validity of the scores for purposes of ECFMG Certification. And in certain circumstances, ECFMG may give IMGs limited exception to the Seven-Year Rule after all of the required exams are passed (so ECFMG's Medical Education Credentials Committee of its Board of Trustees (the "MECC") is aware of the length of the exception being sought).

Plaintiff claims he has been unable to complete the last of the required exams within seven years of his first pass date because of the COVID-19 pandemic.   As Plaintiff explains in his Complaint, the nub of his allegations against ECFMG is that ECFMG has informed him that he would not be eligible to apply for an exception to the Seven-Year Rule until "AFTER" he eventually takes and passes his third and final test.  (emphasis in original).   Without such passage, ECFMG's MECC could not know how long of an exception is being sought.   But to Plaintiff, this is insufficient:   through this lawsuit, Plaintiff asks this Court to undermine ECFMG's Seven-Year Rule and impose a blanket open-ended exception for him, essentially putting this Court in the place

---

[1] Plaintiff named "ECFMG" as the defendant in this action.   As a matter of record, ECFMG's full, legal name is the Educational Commission for Foreign Medical Graduates.   However, for ease of reference, Defendant will refer to itself as "ECFMG."

of the ECFMG's MECC to decide what examination timing is sufficient for the purposes of ECFMG Certification.

As is detailed below, Plaintiff's Complaint fails to state a claim against ECFMG upon which relief can be granted. Plaintiff cannot establish that he has yet suffered an injury as a result of ECFMG's actions. Consequently, there is no active "case or controversy," and the allegations in the Complaint are not ripe for judicial review. Moreover, Plaintiff's Complaint fails to state any claim upon which relief may be granted. Because of these deficiencies, the Court should dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.     BACKGROUND[2]

### A.     ECFMG

ECFMG is a private not-for-profit corporation that promotes quality health care for the public by certifying physicians who received their basic medical degree from an international medical school (known as international medical graduates or "IMGs") for entry into U.S. graduate medical education. Exh. A, p. 6 of 60. ECFMG Certification signals to directors of accredited

---

[2] In ruling on a motion to dismiss, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Accordingly, the "Background" set forth herein assumes the truth of Plaintiff's "well-pleaded facts" and does not accept as true the allegations in the Complaint that constitute no more than "legal conclusions."

Moreover, "[i]n deciding motions to dismiss . . . courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004); *see Winer Fam. Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007). "This includes examining additional sources courts normally consider when ruling on a motion to dismiss, 'in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Winer*, 503 F.3d at 327 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Pursuant to this standard, ECFMG submits along with this Motion for the Court's consideration the ECFMG 2020 Information Booklet, attached hereto as Exhibit A and available online at https://www.ecfmg.org/2020ib/2020ib.pdf, which was explained in, albeit not attached to, the Complaint.

residency and fellowship programs that an IMG has satisfied certain minimum requirements; it is not a license for an IMG to practice medicine in the United States.  Exh. A, p. 7 of 60.

**B.     ECFMG's Seven-Year Rule**

Candidates to practice medicine in the United States must take and pass a standardized test called the United States Medical Licensing Examination ("USMLE"), which is offered in parts (sometimes called "Steps").  Exh. A, pp. 6, 31 of 60.  The USMLE is sponsored by the Federation of State Medical Boards and the National Board of Medical Examiners.  Exh. A, p. 30 of 60.

ECFMG has policies and procedures, which it applies to further its mission.  *See generally* Exh. A.  One example of ECFMG's policies is the Seven-Year Rule, in which IMGs seeking ECFMG certification must pass the USMLE exams required for certification within seven years of one another.  *Id.* at pp. 23-24 of 60.  If an IMG does not pass the required Steps within seven years, the IMG's earliest passed exam is no longer valid for ECFMG Certification, and the IMG's new seven-year period begins to run from the next Step exam after the now-invalidated exam. Exh. A at p. 23 of 60.  Notably, failure to comply with the Seven-Year Rule ***does not*** result in disqualification from or ineligibility from ECFMG certification; at worst, it merely delays the certification process.  *Id.* at pp. 23-24 of 60.

**C.     Exception Requests To ECFMG's Seven-Year Rule**

In some cases when IMGs cannot meet ECFMG's certification requirements for any reason, IMGs may seek an exception from ECFMG.  As Plaintiff explained in his Complaint, when IMGs do not anticipate passing the required exams within seven years and intend to seek an exception to the Seven-Year Rule, ECFMG staff asks that all required exams be taken and passed before an exception will be entertained. *See* Compl, p. 6 of 10 ("[ECFMG] will only consider granting [the exception request] AFTER I complete my exam") (emphasis in original). This provides ECFMG the opportunity to consider the actual amount of time requested for the

exception, instead of some vague unending statement of projected need—for example, "until the test centers allow me to take the exam WITHOUT a mask," as Plaintiff included in his Complaint. (emphasis in original).

        **D.**    **Plaintiff Rajan Patel And His Complaint**

        Plaintiff Rajan Patel is an IMG who is attempting to become ECFMG Certified.  Compl. 6 of 10.  Therefore, the Seven-Year Rule applies to him, like all other IMGs. Compl., p. 6 of 10; Exh. A, 23-24 of 60.  As Plaintiff explains in his Complaint, his "7 years were up in End of June Early July of 2020."  Compl., p. 6 of 10.  By ECFMG's policies, he would therefore have two options to continue on to ECFMG Certification (assuming he has satisfied all other requirements), ***both of which require that he take and pass his final not-yet-passed exam***: (1) after passing his last examination, re-take his earliest passed exam(s), so that all passes would be valid within the same 7-year window; or (2) after passing his last examination, seek an exception from ECFMG to count his passes as all valid, even though they were not within a seven-year window.  Plaintiff chose not to pursue either of those routes and instead of sitting for (and passing) his not-yet-passed exam, he chose to sue ECFMG for an open-ended, undefined exception to ECFMG's Seven-Year Rule.

        Plaintiff blames his refusal to take the exam on a mask mandate due to COVID-19 and his medical condition.  But he does not assign fault to ECFMG for that.  As Plaintiff readily acknowledges in his Complaint, a request for him to modify his testing parameters (including the mask mandate) is to be made to USMLE (the owner of the exams) and Prometric (the testing company), not ECFMG: "I have asked USMLE and the creators of the exam and also the Prometric testing centers, if they can give me an accommodation whereby I am allowed to take the test in a separate room without a mask and they have strictly said no."  Compl., p. 6 of 10.

Through his Complaint, Plaintiff seeks an unlimited blanket exception to ECFMG's Seven-Year Rule: "In this case it is appropriate and necessary for the ECFMG to extend my 7 years time frame to as long as I need until it is safe to take the exam without the mask." Compl., p. 6 of 10. Notably, Plaintiff fails to provide any authority, legal or otherwise, that mandates such an action. In his *pro se* Complaint, he makes vague allegations regarding the "ADA and other Pandemic related laws." *Id.* And on his Civil Cover Sheet, Plaintiff checked off the "Other Civil Rights," "Other Contract," "Other Civil Rights," "Education," and two Americans with Disabilities ("ADA") boxes. Compl. p. 7 of 10. As is evident from ECFMG's analysis of these ostensibly stated legal bases below, Plaintiff has failed to state a claim against ECFMG upon which relief can be granted and his Complaint should be dismissed with prejudice.

## III.    ARGUMENT

The causes of action Plaintiff intends to assert in this action are unclear from the face of his one-page Complaint. However, even construing the Complaint exceedingly liberally, Plaintiff's allegations—consisting largely of unsupported legal conclusions and exaggerated characterizations—fall far short of stating any viable legal claim against ECFMG. And even if they did not, this case is not ripe for adjudication. Consequently, the Complaint should be dismissed in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A.    Plaintiff's Complaint Should Be Dismissed Because This Case Is Not Ripe.

"Article III of the Constitution limits the 'judicial Power' of the United States to the adjudication of 'Cases' or 'Controversies.'" *Pittsburgh Mack Sales & Serv. v. Int'l Union of Operating Engineers, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (quoting Const., Art. III). Courts enforce such a requirement "through several justiciability doctrines that 'cluster about Article III,'" including ripeness. *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "The

function of the ripeness doctrine is to determine whether a party has brought an action prematurely," *Peachlum v. City of York*, 333 F.3d 429, 433-34 (3d Cir. 2003) (quoting *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)), and "prevent[s] [federal] courts 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Id.* (quoting *Abbott Labs v. Gardner*, 387 U.S. 136, 148 (1967)).  To be ripe for judicial review, a legal challenge must "grow out of a 'real, substantial controversy between parties' involving a 'dispute definite and concrete.'" *Peachlum,* 333 F.3d at 434 (quoting *Babbitt v. Untied Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).  Courts generally presume that they "lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*¸ 501 U.S. 312, 316 (1991) (quoting *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534. 546 (1986)).

"The question in each case is whether the facts alleged show that there is a substantial controversy, between parties having adverse legal interests, 'of sufficient immediacy and reality' to justify judicial resolution."  *Peachlum*, 333 F.3d at 434 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  The Supreme Court has recognized that in determining ripeness, courts should consider "the fitness of the issues for judicial decision," and "the hardship to the parties of withholding court consideration."  *Abbott Labs.*, 387 U.S. at 149. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Doe v. Cty. of Centre*, 242 F.3d 437, 453 (3d Cir. 2001) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see also Wyatt v. Gov't of V.I.*, 385 F.3d 801, 806 (3d Cir. 2004) ("Claims based merely upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention.") (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 325 (1936)).

Here, Plaintiff has not alleged that he has suffered an injury at the hands of ECFMG. Plaintiff provides no allegations regarding a specific harm he has sustained, and for good reason: Plaintiff has not been denied any legal right and he has not been damaged by any of ECFMG's actions. ECFMG has not prevented Plaintiff from doing anything: Plaintiff can take his remaining exam and then, once passed, decide whether he will (1) pursue re-taking his prior exam(s) that fall outside of seven years from his passage or (2) seek an exception from ECFMG to the Seven-Year Rule. Nothing ECFMG has said or done is standing in Plaintiff's way.

Plaintiff alleges ECFMG has refused to give a ***preemptive*** exception to one of its policies. But Plaintiff's demand for an exception (and his claims here) is not yet ripe. It is unclear if Plaintiff can or ever will pass the last remaining exam; as such, it is a "contingent future event[]." *Doe*, 242 F.3d at 453. And even if he does pass the exam—and even if it is outside of the allowed seven years—he would still not have yet have a claim against ECFMG because he would have at least two pathways to continue on his stated goal of becoming a licensed medical doctor in the United States: either though re-take of his earlier passed exam(s) or through obtaining an exception from ECFMG. As such, Plaintiff would not suffer any hardship if the Court declines to examine this case.

Said simply, Plaintiff has not suffered any legally cognizable injury. Therefore, his allegations are not ripe for review under Article III of the Constitution. *See Boerger v. Levin*, 812 F. Supp. 564, 565 (E.D. Pa. 1993) ("Clearly, then, [plaintiff's] cause of action is not yet ripe. His loss is not just reversible, or stayed; it is as yet nonexistent. [Plaintiff] can point to no actual loss which can constitute 'injury[.]'"). Consequently, this Court lacks subject-matter jurisdiction over this case and should dismiss the Complaint in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

7

**B.      Plaintiff's Complaint Should Be Dismissed Because It Fails to State a Claim.**

Even if the Court finds that Plaintiff's claims against ECFMG are ripe (which they are not),

the Court should still dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim.  To survive a motion to dismiss, a complaint must state a "plausible

claim for relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 556 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* at 678.  This standard "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Id.*  Rather, to survive a motion to dismiss, a complaint must

allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

555; *Fowler*, 578 F.3d at 211.  The Court thus must conduct a two-part analysis.  *Id.* at 210.  The

Court must first accept Plaintiff's factual allegations as true, and disregard legal conclusions or

mere recitations of the elements.  *Id.* at 210–11.  The Court must then determine whether the facts

alleged make out a "plausible" claim for relief.  *Id.* at 211.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *see also* 5B Wright & Miller, Federal Practice

and Procedure, § 1357 (3d 2004) (noting that courts have ignored a pleading's "legal conclusions,"

"unsupported conclusions," "unwarranted inferences," "unwarranted deductions," or "sweeping

legal conclusions cast in the form of factual allegations.").  Similarly, "[w]hen allegations in a

complaint are contradicted by the materials appended to or referenced in the complaint, 'the

document controls and the court need not accept as true the allegations of the complaint.'"  *Byers

v. Intuit, Inc.*, No. 07-4753, 2009 WL 948651, at *2 (E.D. Pa. Mar. 18, 2009) (citing *Barnum v.

Milbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994)); *see also Plasko v. City

of Pottsville*, 852 F. Supp. 1258, 1261 (E.D. Pa. 1994) ("Conclusory allegations are not acceptable

. . . where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves."). The pleading standard of Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

       1.     <u>Plaintiff Has Not Stated A Due Process Claim Against ECFMG.</u>

Although not stated explicitly in the Complaint, Plaintiff checked the "Other Civil Rights" box on his Civil Cover Sheet. The only cause of action related to his civil rights (other than those related to the ADA, which are analyzed *infra*) that could charitably be inferred from Plaintiff's Complaint is a due process violation. However, the Complaint fails to state a due process claim against ECFMG for three reasons.

***First***, ECFMG is not a state actor, and the due process requirements of the Fourteenth Amendment apply only to state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). Multiple courts, including the Third Circuit and courts in this District, have previously held that ECFMG is not a state actor and that its functions do not constitute state action. *See, e.g.*, *Opoku v. ECFMG*, 574 F. App'x 197, 201 (3d Cir. 2014) ("Grese and ECFMG, a private not-for-profit organization, are private parties and not state actors."); *Thomas v. NBME-Nat'l Bd. of Medical Exam'rs*, No. 13-3946, 2015 WL 667077, at *4 (E.D. Pa. Feb. 13, 2015) ("Because neither ECFMG nor NBME is a state actor, Plaintiff cannot prevail on this claim."); *Elias v. ECFMG*, No. A-1447-09T3, 2010 WL 4340640, at *2 (N.J. Super. Ct. App. Div. Nov. 4, 2010) (finding insufficient evidence "to establish that the ECFMG is a state actor"); *Staudinger v. ECFMG*, No. 92-8071, 1993 WL 138954 (S.D.N.Y. Apr. 28, 1993) (dismissing § 1983 claims because ECFMG is not a state actor and does not act under the color of state law).

As ECFMG is a private actor, the next question is whether ECFMG's actions can be viewed as state actions because they are "fairly attributable" to the state. *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 524 (3d Cir. 1994). The U.S.

Supreme Court has identified only three possible ways for private action to be attributable to the state and therefore constitute state action:  (1) "if the private party has acted with the help of or in concert with state officials," (2) "when the private party has been 'delegated a power traditionally exclusively reserved to the State,'" or (3) "if 'there is a sufficiently close nexus between the state and the challenged action of the [private] entity so that the action of the latter may be fairly treated as the state itself.'"  *Id.* (internal citations omitted).

ECFMG did not act or conspire with a state actor to carry out its actions.  *See Opoku*, 574 F. App'x at 201 ("Liability would only attach if a private party conspired with a state actor" and vague allegations of conspiracy between ECFMG and a state actor are not sufficient); *Loftus v. SEPTA*, 843 F. Supp. 981, 983–84 (E.D. Pa. 1994).  Nor were ECFMG's actions delegations of "a power traditionally exclusively reserved to the State."  *McKeesport Hosp.*, 24 F.3d at 524 (quotation and citation omitted).  And, most importantly at the motion to dismiss stage, Plaintiff has not alleged as much.  *See* Compl.  Rather, ECFMG's actions were limited to assessing the qualifications of Plaintiff and certifying his readiness to enter the U.S. graduate medical education system, which is not a power exclusive to the state.  *See Staudinger*, 1993 WL 138954, at *4; *see also McKeesport Hosp.*, 24 F.3d at 525 ("The evaluation and accreditation of medical education in this country is neither a traditional nor an exclusive state function.").

Further, "ECFMG is not a subdivision of or affiliated with any governmental entity, its Board of Trustees receives no funding from any governmental entity . . . and it sets its own standards for an [IMG]'s eligibility to take the United States Medical Licensing Examination (USMLE)."  *Elias*, 2010 WL 4340640, at *1; *see McKeesport Hosp.*, 24 F.3d at 525 ("The ACGME is self-governed and financed, and its standards are independently set; the state Board simply recognizes and relies upon its expertise.").  That state medical boards rely on ECFMG

Certifications does not render ECFMG a state actor.  *See Brown v. Fed'n of State Med. Bds.*, No. 82-7398, 1985 WL 1659, at *5 (N.D. Ill. May 31, 1985) (holding that ECFMG is "not [a] state agenc[y]" and "do[es] not participate in a state activity" because "[t]he actual state actors here are the state licensing boards, which have complete control over whether or not to use the defendants' tests, and if so, how to use these tests" and "[t]he state boards are at most [ECFMG's] consumers").  Therefore, ECFMG is not a state actor.

*Second*, even if ECFMG's actions constituted state actions, which they do not, Plaintiff's due process claim also fails because he has not identified a sufficient liberty or property interest of which he has been deprived.  *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").  ECFMG's decision not to grant Plaintiff an unlimited exception to its Seven-Year Rule prior to him taking and passing his final exam, does not implicate any liberty or property concerns which would trigger due process protections.  Nor does Plaintiff have any property right to ECFMG Certification or becoming a doctor.  *See Elias*, 2010 WL 4340640, at *3 (applicant for ECFMG certification did not have a right to a medical license as "a protected right in a professional license comes into existence only after a license has been obtained") (quotation and citation omitted).

*Third*, even if ECFMG's actions were state actions and did implicate interests protected by the Fourteenth Amendment—again, they do not—Plaintiff would still not succeed on a due process claim because he was afforded due process, as is clear from the allegations of his Complaint and the materials relied upon therein.  "[D]ue process is flexible and calls for such procedural protections as the particular situation demands."  *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976)

11

(internal citations omitted). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (citation omitted).

Process was (or in the future could be) afforded to Plaintiff. He was told to seek an exception after passing the last exam, but chose not to follow those instructions. For this reason, and because Plaintiff has not identified, and cannot identify, a valid liberty or property interest or alleged facts establishing that ECFMG is a state actor, dismissal of Plaintiff's due process claim is warranted. *See also Osei v. Temple Univ.*, 518 F. App'x 86, 88–89 (3d Cir. 2013) (affirming dismissal of due process claim when allegations showed Plaintiff was given "notice of the charges," "an explanation of the evidence" against him, and "an opportunity to present his side of the story.").

2.     <u>Plaintiff Has Not Stated An ADA Claim Against ECFMG.</u>

The next checkboxes Plaintiff ticked on his Civil Cover Sheet were those related to the ADA. The allegations in the Complaint are insufficient to support a claim against ECFMG under that statute.

Reading Plaintiff's Complaint closely reveals that his ADA allegations relate to accommodations he sought from other entities, USMLE and Prometric—not ECFMG: "I have asked USMLE and the creators of the exam and also the Prometric testing centers, if they can give me an accommodation whereby I am allowed to take the test in a separate room without a mask and they have strictly said no." Compl., p. 6 of 10. It is not as if Plaintiff alleges he was denied an exception to the Seven-Year Rule because he refused to or could not wear a mask while sitting for an exam. There are intervening events here that are not of ECFMG's doing (that USMLE and Prometric refused to allow Plaintiff to test without a mask). Any ADA claim related to Plaintiff's inability to test due to his medical condition cannot be directed at ECFMG. Consequently, Plaintiff's claim fails as a matter of law and his Complaint should be dismissed.

3.      Plaintiff Has Not Stated Any Other Claims.

Plaintiff checked boxes on his Civil Cover Sheet indicating he was asserting claims related to "Employment" and "Contract."  Compl., p. 7 of 10.  Both claims should be dismissed in short order, regardless of the cause of action to which these checkboxes refer.  It is undisputed that Plaintiff is not employed by ECFMG, and Plaintiff does not allege as much in his Complaint.  *Id.* at p. 6 of 10.  Further, nowhere in his Complaint does Plaintiff reference any contract between ECFMG and himself, whether explicit or implicit, nor does he allege breach of any clause(s) thereof.  *Id.*  Therefore, the Complaint does not state claims against ECFMG related to Plaintiff's employment or a contractual relationship and such claims, if they exist, should be dismissed.

On his "Complaint for a Civil Case" form, Plaintiff also states that the basis for the court's jurisdiction is "Pandemic related Executive Orders that protect students and professional certification in terms of deadlines and certification bodies needing to make appropriate accommodations."  Compl., p. 3 of 10.  ECFMG is unaware of any legal requirements to which this statement refers; no Executive Order(s) required ECFMG to modify or disregard its Seven-Year Rule.  Further, the basis for this allegation is not clear from the facts alleged in the Complaint.  As such, the Court should ignore this conclusory and vague legal statement.  *See, e.g.*, *Iqbal*, 556 U.S. at 678; 5B Wright & Miller, Federal Practice and Procedure, § 1357 (3d 2004).

IV.     **CONCLUSION**

For the foregoing reasons, ECFMG respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff's Complaint does not establish standing to sue or any claim upon which relief may be granted.

Moreover, because the defects in the Complaint cannot be cured by amendment, Defendants ask that the dismissal be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).


Dated:  May 25, 2021                              Respectfully submitted,


                                                  */s/ Elisa P. McEnroe*
                                                  Elisa P. McEnroe, PA Bar No. 206143
                                                  Max O. Bernstein, PA Bar No. 325405
                                                  MORGAN, LEWIS & BOCKIUS, LLP
                                                  1701 Market Street
                                                  Philadelphia, PA  19103-2921
                                                  Telephone:     +1.215.963.5917
                                                  Facsimile:     +1.215.963.5001
                                                  elisa.mcenroe@morganlewis.com
                                                  max.bernstein@morganlewis.com

                                                  *Attorneys for Defendant ECFMG*

14