**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAJAN PATEL | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:21-cv-00546 |
| | ) | |
| v. | ) | |
| | ) | Hon. Nitza I. Quiñones-Alejandro |
| ECFMG, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Dated:  June 17, 2021

Elisa P. McEnroe, PA Bar No. 206143
Max O. Bernstein, PA Bar No. 325405
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:     +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

**I.      INTRODUCTION**

Nothing in Plaintiff's opposition brief changes that his Complaint fails as a matter of law and should be dismissed. In his opposition, Plaintiff maintains that he may be harmed in the future by ECFMG's refusal to provide him a blanket, open-ended exception to its Seven-Year Rule, argues that ECFMG is somehow responsible for the testing center's refusal to provide him an ADA accommodation for his disability, and invokes principles of fairness to advance his case, based, in full, on facts that are both absent from his Complaint and incorrect.

Nothing in Dr. Patel's opposition changes that: (1) because his alleged future damages are merely hypothetical, this case is not ripe for disposition; and (2) he has not stated a legally cognizable claim upon which relief may be granted. Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety and with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**II.     ARGUMENT**

   **A.     This Case Is Not Ripe.**

      1.     <u>Plaintiff Has Not Yet Had To Retake Any of his Passing Exams.</u>

In its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint (ECF 8), ECFMG explained that Plaintiff's claims are not ripe for adjudication pursuant to Article III of the Constitution because his allegations hinge on contingent, hypothetical future events. It is undisputed that, from ECFMG's perspective, Plaintiff can choose to take and pass his remaining exam, and then decide whether to: (1) re-take his first-in-time exam to ensure he has passed all three within seven years; or (2) request an exception to ECFMG's policy. It is also undisputed that Plaintiff has not yet taken his final exam required for certification, and no one (including Plaintiff or ECFMG) knows when, or even if, he will ever pass it. Consequently, Plaintiff does not yet have any legal claim against ECFMG.

1

In response, Plaintiff insists that he has indeed "suffered an injury at the hands of . . . ECFMG[:]" having to retake prior exams would be costly and time-consuming and residency programs would not look kindly on it. (Opposition, pp. 4-5 of 6). But this argument puts the cart before the horse and unwittingly supports ECFMG's argument. Plaintiff has not yet taken his remaining exam, he has not formally requested an exception to ECFMG's Seven-Year Rule, and, for that matter, has not yet *re-taken* any exams. Therefore, **he has not yet suffered these damages he alleges**.

        2.        Plaintiff's Alleged Damages Have Not Yet Resulted From His Inability To Pass His Remaining Exams.

Plaintiff also spends a significant portion of his Opposition arguing, for the first time, that ECFMG's actions have somehow resulted in his inability to even sit for his remaining exam, as his medical condition prevents him from wearing a mask and the testing company, Prometric, will not grant him an accommodation unless ECFMG grants him an extension to its Seven-Year Rule "now." Opposition, p. 1 of 6.

To start, this Court should disregard these newly alleged facts, as "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

Moreover, putting aside that these facts are illogical (as discussed *infra* in Section II(B)), Plaintiff provides no authority explaining how being prevented from taking an examination is a recognized legal injury. In fact, it appears the damages for which Plaintiff seeks to recover ("the average life earnings of a physician" as a result of his "loss of [his] entire medical career as a physician," Compl., p. 4 of 10) are hypothetical effects that *may* (or may not) result from his failure to take and pass his remaining exam. Plaintiff cannot rest his case on such "contingent future

events." *Doe v. Cty. of Centre*, 242 F.3d 437, 453 (3d Cir. 2001) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Under well-established Constitutional standards, Plaintiff cannot bring a claim in court to remedy an injury that might one day befall him. Because each of the injuries Plaintiff alleges in his Complaint and Opposition is merely theoretical, this case is not ripe, and this Court lacks subject-matter jurisdiction over it. *See Boerger v. Levin*, 812 F. Supp. 564, 565 (E.D. Pa. 1993).

### B. Plaintiff Has Not Stated An ADA Claim Against ECFMG.

In its Motion to Dismiss, ECFMG argued that Plaintiff has failed to state a cognizable ADA claim because it is clear from the face of the Complaint that his ADA allegations relate only to entities other than ECFMG: he supposedly requested an accommodation for his medical condition from Prometric and USMLE (the owner of the exams), and they (and they alone) denied him such an accommodation. As mentioned *supra*, to refute that argument, Plaintiff alleges, for the first time in his Opposition, that ECFMG is actually responsible for his inability to take his remaining exam because Prometric will only grant him an accommodation for his medical condition if ECFMG provides written notice that it will extend the seven years within which he must pass his exams. *See* Opposition, pp. 1-6 of 6.

Again, this Court should disregard these facts that are newly alleged in Plaintiff's Opposition. *Zimmerman.*, 836 F.2d at 181. Further, to the extent the Court does consider them, these allegations are patently nonsensical. Why would Prometric, an entity completely unrelated to ECFMG, with no role in granting certification or medical licensing, care whether Plaintiff's seven-year time period within which he must pass his exams is extended? As ECFMG has repeatedly posited, and as Plaintiff recognizes in both his Complaint and Opposition, the two options available to him at present are to take the remaining exam and then request an exception

3

to the Seven-Year Rule or re-take his prior exams to make sure that he has passed all exams within seven years.  Plaintiff does not dispute that any IMG who fails to pass his exams within seven years has these options.  Plaintiff provides no rationale for believing that Prometric allows *those* IMGs to sit for exams outside their initial seven-year period, but, for some unknown reason, will not provide Plaintiff a legally-mandated medical accommodation to take an exam outside of his, or even that Prometric would *know* that his test would be outside his seven-year period.

Assuming, however, that Plaintiff's allegations regarding Prometric's pre-accommodation requirements are true (which they are not), examination of them on their merit still results in their dismissal.  Even according to Plaintiff himself, it is another entity—and not ECFMG—who is receiving, analyzing, and ultimately denying Plaintiff's request for a testing accommodation.  Indeed, by Plaintiff's own logic, if Prometric would have provided Plaintiff an ADA accommodation and allowed him to take the exam without a mask, he might not have needed an exception to ECFMG's Seven-Year Rule at all.  The conclusion remains that Plaintiff's alleged ADA claim has been lodged at the wrong entity.  And Plaintiff presents no legal authority supporting the proposition that one entity (here: ECFMG) can be liable for another entity's (here: Prometric's) refusal to accommodate his medical condition as required under the ADA.  Consequently, Plaintiff's claim fails as a matter of law as to ECFMG, and his Complaint should be dismissed.

      **C.**      **Principles Of Fairness Are Not Applicable Here, And Even If They Were, ECFMG Cannot Be Liable To Plaintiff.**

Throughout his Opposition, Plaintiff states that it would only be "fair" for ECFMG to provide the preemptive, open-ended extension he seeks.  Opposition, pp. 3, 5, 6 of 6.  According to Plaintiff, ECFMG's refusal to do so would be unjust because he is without fault for his inability to pass his exams within seven years.  *See, e.g.*, Opposition at p. 5 of 6 ("it was not my lack of

time management or self-induced reason that prevented me from completing the exams in seven years; rather it was due to the pandemic") and p. 6 of 6 ("I worked hard to pass it the first time and me not being able to pass the subsequent exams within seven years was solely due to issues related to the Pandemic and NOT my own lack of preparation or time management etc.").[1]

However, Plaintiff's beliefs about what is just or fair does not form the basis of a legal claim, and, as explained both in this brief and ECFMG's opening brief, he has not articulated any other cause of action based on these equitable principles. *See, e.g.*, *SEPTA v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 705 (E.D. Pa. 2015) ("Again, plaintiffs believe that Gilead's prices are too high and that their profit margin is somehow unreasonable or unfair, but that belief does not create a claim for unjust enrichment."); *Mathers v. Sherwin-Williams Co.*, Civ. A. No. 97-5138, 2000 U.S. Dist. LEXIS 3716 (E.D. Pa. Mar. 27, 2000) ("a plaintiff's subjective view of unfair conditions was insufficient to establish a constructive discharge claim") (citing *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 976 (3d Cir. 1998)); *see also Phelps v. Obama*, No. 1:15-cv-2328, 2016 U.S. Dist. LEXIS 9252, at *6 (M.D. Pa. Jan. 27, 2016) ("Just as the court has thus far been unable to discern a viable legal claim in Plaintiff's filings, it cannot now construe a claim sounding in equity.")

Further, even if the Court were to order ECFMG to provide Plaintiff a preemptive open-ended exception to its Seven-Year Rule, such an action would not even wholly remedy the purported unfairness. This Court may take judicial notice[2] of the fact that many states in which

---

[1] Although not germane to the present inquiry, if this case proceeds to discovery (which it should not), discovery will reveal that Plaintiff's statements are patently false, as he took and failed the relevant exam more than once and registered and failed to show up yet even more times, all before the pandemic.

[2] *See Winer*, 503 F.3d at 327.

Plaintiff could potentially take up residency impose their own criteria for initial medical licensure, separate and apart from ECFMG certification—some of which limit the number of attempts an IMG may take for a given USMLE exam, impose temporal requirements equal to or shorter than seven years to complete their USMLE exams, and/or require tests additional to those required by ECFMG. *See, e.g.*, https://www.fsmb.org/step-3/state-licensure (listing requirements of medical licensing authorities including, for example, many states' requirement that applicants take and pass the three exams required for ECFMG certification—and an additional exam—all within seven years or other periods of years). Therefore, it is more than likely that if Plaintiff wants to enroll in a residency program at some point in the future, he will be faced with the same options provided to him by ECFMG, but from other entities (like medical licensing bodies). As such, even if principles of fairness did constitute a cause of action capable of being adjudicated in court, ECFMG has not treated Plaintiff unjustly and cannot be liable for any purported unfair treatment under the law.

### III.   CONCLUSION

For the foregoing reasons, and those stated in ECFMG's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint, ECFMG respectfully requests that that the Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff's case is not ripe and the Complaint does not establish any claim upon which relief may be granted.

Moreover, because the defects in the Complaint cannot be cured by amendment, ECFMG asks that the dismissal be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Dated:  June 17, 2021                                    Respectfully submitted,

                                                  */s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Max O. Bernstein, PA Bar No. 325405
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:       +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via the ECF system and email upon:

Rajan Patel
8701 Deanne Dr.
Gaithersburg, MD 20882
drpat108@gmail.com

*Plaintiff*

DATED: June 17, 2021                             */s/ Elisa P. McEnroe*
                                                            Elisa P. McEnroe