Case 2:21-cv-00546-NIQA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAJAN PATEL

Plaintiffs,

V.

ECFMG,

Defendant.

Civil Action No. 2:21-cv-00546

Hon. Nitza I. Quiñones Alejandro

Plaintiff's Rebuttal to "DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT"

In Defendant's recent motion, it states new allegations and reasons as to why it feels this case should be dismissed. I, the Plaintiff, feel it is necessary to respond to the Defendant's such motion.

CERTIFICATE OF SERVICE

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via the ECF system and email upon:

**Elisa P. McEnroe**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5917 | Mobile: +1.610.888.7112 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
elisa.mcenroe@morganlewis.com | www.morganlewis.com
Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

Defendant's Counsel    DATED: June 18, 2021

In Defendant's motion, it states "Plaintiff maintains that he may be harmed in the future by ECFMG's refusal to provide him a blanket, open-ended exception to its Seven-Year Rule, argues that ECFMG is somehow responsible for the testing center's refusal to provide him an ADA accommodation for his disability, and invokes principles of fairness to advance his case, based, in full, on facts that are both absent from his Complaint and incorrect."

In rebuttal to this statement, I, the pro-se Plaintiff, would like to assert the fact that I not only stated that I will be harmed in the future, but am also currently being harmed as a direct result of ECFMG not granting me a reasonable accommodation of extending the "seven year time-frame." Furthermore, I did not state I would only need a blanket, open-ended exception. I stated other options to mitigate the issue, eg. a time extension with a new reasonable deadline by which I need to complete the last exam. I stated I would need a reasonable extension (NOT necessarily a blanket/open-ended extension). A reasonable extension would have been ECFMG allowing me 1 year extension when I first requested it back in summer of 2020. Now that it has been a year since then, at this point, a reasonable extension might be to extend the timeframe to December of 2021, or June 2022. Essentially, once ECFMG extends this timeframe, I will be able to take my exam. If ECFMG does not extend this timeframe, I will be unable to take the exam (unless the testing center deems it safe to take the exam without a mask for EVERYONE, not just me). Therefore, a reasonable accommodation could have been granted by ECFMG whereby they would extend my seven years to a reasonable new date, back in 2020. However ECFMG did not comply with my request for this reasonable accommodation, thus now we are in 2021, and still ECFMG is refusing to grant me a reasonable new extension and issue a new deadline. ECFMG not definitively granting me this extension and a new deadline now, is resulting in me not being able to take my exam. This is a direct harm/damage that is occurring right now. ECFMG is responsible for the test center refusing to grant me the accommodation because the test center is a client of the USMLE exam program, which ECFMG is a part of for foreign medical graduates. Furthermore, the test center very reasonably has given an option, whereby if ECFMG issues a compelling reason for the test center to provide an accommodation, the test center will indeed accommodate. The test center is doing its job in being willing to accommodate, but this also requires the work of ECFMG as well and ECFMG must also accommodate for this to work. ECFMG is refusing to accommodate despite knowing the hardships this pandemic has caused me and other students, and despite knowing that my pulmonary disability truly does not allow me to take the 8+ hour exam in the same manner as others (eg. with a mask). It is reasonable for the testing center to request a definitive statement from ECFMG that it has extended my seven year window in order for the testing center to grant me the accommodation of taking the exam without a mask. The test center reasonably must adhere to strict mask policies (and policies that have to do with an exception to being required wearing a mask) because the issues that surrounds wearing a mask are related to the dangers and risks of vast amounts of people (testing in the testing center) being infected with the deadly Covid-19 virus/disease. Therefore in order to make this work, and an accommodation be granted in order to truly mitigate the barriers in this case, everyone needs to do their part. The testing center is doing its part by granting an accommodation based on specific reasonable requirements and those requirements reasonably directed toward the ECFMG. However, the

ECFMG is refusing to change anything or do its part in providing this reasonable accommodation of extending my seven year window right now.

We must question ECFMG, if it is stating that it is undisputed that after I finish my last exam, I can request ECFMG for an exception to the seven year policy, then why is it that I can not request for an exception to policy now(prior to completing the exam)? Furthermore, I need to request for it now and be granted the exception now (due to the issues surrounding my disability), otherwise I will not be able to take the exam. This is a very reasonable request, yet ECFMG is stubbornly refusing to grant this exception now (eg. refusing to grant a much needed reasonable accommodation). Also, the fact that nobody knows whether I will or not pass the exam in the future, DOES NOT mean that I have no legal claim against ECFMG.

ECFMG states that I spent a significant part of my rebuttal arguing for the first time that ECFMG's refusal to grant me an exception has resulted in damages. I would like to assert that it was not the first time. I have documented emails that I have sent ECFMG, which state the exact same description and allegation/need for accommodation (same as I stated in the rebuttal to the Defendant's motion to dismiss). ECFMG responded to those emails essentially stating that it refuses to provide me with this exception to policy right now. I have not amended my complaint, my complaint has always been consistent and there has been nothing "new" asserted other than me simply adding more details. Being prevented from taking an exam (in this case an exam that is required to pass in order to become a licensed physician) is most certainly a recognized injury as it is considered discrimination and unequal access/right to an education. My need for this ADA accommodation and being denied the accommodation has resulted in me not being able to take the exam, and hence not being able to have the same fair chance and right to an education of our choice. I might assert The **Equal Educational** Opportunities **Act** (EEOA) of 1974. I am not a lawyer, and am not nearly as familiar with specifics with regards to the exact statutes in this law or other laws that govern fair and equal access and opportunity to a person's desired education, but I am trying my best here to explain as clearly as possible. I humbly request the court and the Honorable Judge to understand that I am not an attorney and if there are statutes that I have not mentioned or alluded to in terms of authority, that does not mean that they do not exist. I am hopeful the Honorable Judge will assist in pinpointing the exact statutes and past cases that are relevant to this situation. I could not afford a lawyer, hence I have filed my complaint pro-se. Regardless, the damages I claim are not only hypothetical damages, they are real current damages that have already occurred. I was unable to apply to residency and participate in the application season (eg. Match) as a direct result of not being able to take the exam. This, again, is an unfair barrier in access to education, which otherwise I would have been able to access. I would have been able to take the exam and would have been able to apply to and match into a residency program and would have started training this year. But due to being denied this accommodation, I have not been able to engage in any of these mentioned steps of becoming a licensed physician. This is not a future hypothetical loss; this is a current, ALREADY occurred, loss and a legally recognized damage. There might also be other legally recognized damages I am unable to mention here as well, due to the fact that I am not an attorney. The court does possess subject-matter jurisdiction over this case.

The court should not disregard any facts as there are no NEW claims/arguments in my rebuttal. I am adding information, not changing. From an IMG's perspective, the USMLE and ECFMG are synonymous. The USMLE is an exam and for IMGs, our access to the exam comes from the ECFMG. When I stated "USMLE" on my initial complaint to open, I very well meant ECFMG as ECFMG is the entity that administers the USMLE exam for IMGs and I am an IMG. My allegation to ECFMG still remains the same, and I did not introduce the ECFMG as a new entity to claim against in the rebuttal. It was there since the initial complaint.

To answer Defendant's rhetorical question of why would Prometric testing center care about the seven years, I have to say the following: Prometric testing center denied me this accommodation of taking the exam without wearing a face mask as it is too risky for public health at large and there is too much liability and risk that it would be taking amidst this pandemic. Hence they considered my request for this accommodation as "not a reasonable accommodation." Prometric suggested it would be more reasonable to make me wait until the testing center allows candidates to take exams without wearing a mask (eg. when testing center leadership feels it is safe to allow candidates to take the exam without wearing a mask). Then, I told the testing center employees that waiting until the testing center feels it is safe for people to take exams without wearing masks would impose a big problem for me as my seven years are up June 2020 (ECFMG seven years), thus I really need to be able to take the exam ASAP. The testing center then reasonably accommodated by stating that they would ONLY allow me to take the exam without a mask if I can provide proof to them that the seven years with ECFMG are up in June 2020 AND that ECFMG is going to grant me an exception and extension to the seven years if Prometric does indeed grant this accommodation of taking the exam without a mask. If ECFMG is not going to be granting the accommodation of extending the seven years (with a definitive statement that it will), the Prometric testing center does not feel it has any compelling reason to accommodate with this particular accommodation, as this particular accommodation truly puts health risk on hundreds and thousands of people (understandably, per effects of the pandemic). Furthermore, Prometric testing center is not completely unrelated to ECFMG. We students get a scheduling permit number from the ECFMG, and we use that scheduling permit number to schedule our test at the testing center. How can ECFMG state that Prometric is completely unrelated to ECFMG whatsoever? This claim that ECFMG is completely unrelated to Prometric test center is utterly not true. It is the collaboration between the NBME, the ECFMG, and the Prometric testing centers that allow us students to take our exam (the USMLE) at the testing center. In order for this accommodation to work, ECFMG and Prometric both need to do their job to a reasonable extent of accommodating under ADA law. In this case, Prometric is willing to accommodate, but the ECFMG is not. Without ECFMG's cooperation, Prometric will not be able to accommodate. Prometric needs compelling reason to accommodate, eg. the ECFMG granting an exception to the seven year policy, setting a new future date of deadline for me to pass the exam by. Prometric allows everyone to take the exam as long as test-takers wear a mask. In my case, they will not allow me to take the exam without a mask (and I can not take the exam with a mask due to a pulmonary condition), UNLESS they are given a compelling reason to accommodate. For the test center, a compelling reason would be that my seven years are up but I have secured an exception to the seven year policy and received a new deadline by which I need to take the exam (needs to be a definitive statement by whomever makes the

seven year policy, in this case ECFMG). In this case the test center would be willing to accommodate. Without such a compelling reason, the test center reasonably sees no good reason to give me an exception of taking the exam without wearing a mask, given the risk and consequence from a public health standpoint is too great. One can imagine how many requests the test center might get to be able to take exams without wearing a mask (the test center not only administers the USMLE, but hundreds of other exams in other industries/specialties). Thus the test center must implement very strict protocol for the safety of the public (with regards to wearing a mask). Thus the test center has opened up a very reasonable option and accommodation whereby they need proof that I have been given an exception to the seven year rule and need to take my exam urgently to meet the new deadline. If ECFMG issues such a definitive statement indicating this, I can show it to Prometric and they will then allow me to take the exam without wearing a mask, or possibly a partial cover of the airways, eg. only mouth. How can ECFMG just say that Prometric's "pre-accommodation requirements are not true?" I have evidence that Prometric has clearly stated this to me and thus their requirement is indeed true. Prometric could not have allowed me an accommodation early enough that would have resulted in me not needing an exception to the seven year rule. Last April, and May, Prometric test centers were closed due to the pandemic and even in June, centers were not fully functional back to full capacity. I had checked and there were absolutely no available dates for me to take the exam, due to the fact that the centers were not nearly back to full functioning capacity in terms of the number of people who can test at their centers at any given time (again, solely due to the issues surrounding the pandemic and safety).

It is in the best interest of ECFMG to grant this exception now rather than waiting until after I finish and pass the last exam. If the ECFMG does not grant this accommodation now, it will likely be a long time before the test centers allow people to take the exam without a mask. That will be a longer time exception request that I will have to make of the ECFMG, than if I request it now, as I can likely complete and pass the exam within a month to two months after ECFMG granting this exception and me scheduling to take the exam. Just as if ECFMG granted this exception when I initially sought an exception last year, it would have been even a shorter period of time that they would have ended up extending on top of the seven years.
Under the ADA authority and perhaps other authorities, one entity's failure to accommodate (ECFMG) resulting in inability to receive a reasonable accommodation from another entity (Prometric), the consequence and damages can and should be attributed to the failing entity's denial to reasonably accommodate.
It is inappropriate and uncalled for the defendant to mention that I have failed exams in the past prior to the Pandemic, and then based on that, conclude that I also likely did not prepare well this time around either. This holds no bearing or relevance to this case, and is utterly not true. Also, this does not from any angle deem my statements in my rebuttal about my preparation for this exam as false. In the past, I had the right, just like all other students do, to reschedule and take an exam on another date. My past activity with regards to exam date change can not be held against me, as all students have this right and students do indeed change dates multiple times if they do not feel ready to take the exam. This is a high stakes exam and our career depends on our performance on this exam. Attempting to hold my past exam cancellations and/or failures against me now is utterly uncalled for and inappropriate. Attempting to link that

past track record of mine to the current situation is also inappropriate as it holds no bearing on the fact that I can not take the exam currently due to the issues surrounding the pandemic. The Defendant asserts that many of the states in the U.S. have even more of a stringent requirement with regards to their own seven year policies etc. I would like to assert that back in 2020, I contacted all of those states that have received written and verbal notification that they will be giving me an extension to their timeframe. This goes to show that even state medical boards in these states are granting me the necessary exceptions, even though I do not urgently need the exception from them right now (as they understand this issue is a direct result of the pandemic), but ECFMG still refuses to grant this exception. Furthermore, other states' policies are simply not related to this case. Lastly, I live in Maryland, I will very likely pursue and be accepted into training programs in the State of Maryland, and Maryland does not have any such policy of time frame in which we need to complete our USMLE exams. With regards to the attempt requirements by states for these exams, I can assure that I meet their requirements, and that I am within their attempt limit and this holds true for all fifty states, without any exception. It is highly unlikely that I will ever be needing to utilize an option from any state medical board that involves retaking any of my USMLE exams in the future. This is an incorrect statement from the defendant as I have already verified with all such relevant states. Granted that states have already made this exception, ECFMG has indeed treated me unfairly as it is the only entity not willing to make this exception.

For the foregoing reasons, and those stated in the Plaintiff's rebuttal to the Defendant's Motion to Dismiss, Plaintiff respectfully requests that the court deny the Defendant's motion to dismiss and proceed with next steps as part of this lawsuit. The claim is ripe and the complaint does establish legal claims upon which relief may be granted.


Dated: June 18, 2021

Respectfully submitted,

/s/ Rajan Patel
Plaintiff