**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAJAN PATEL | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:21-cv-00546 |
| | ) | |
| v. | ) | |
| | ) | Hon. Nitza I. Quiñones Alejandro |
| ECFMG, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR CLARIFICATION OF PLAINTIFF'S OPERATIVE
AMENDED COMPLAINT AND EXTENSION OF DEFENDANT'S TIME TO RESPOND
TO PLAINTIFF'S OPERATIVE AMENDED COMPLAINT**

Defendant ECFMG,[1] by and through its undersigned counsel, hereby moves for
clarification of Plaintiff Rajan Patel's operative Amended Complaint and to extend ECFMG's time
to respond to the operative Amended Complaint until 14 days after such clarification occurs.  In
support thereof, ECFMG avers as follows:

1.      On February 3, 2021, Plaintiff filed the Complaint.  (ECF 1).

2.      On May 25, 2021, ECFMG filed its Motion to Dismiss Plaintiff's Complaint.  (ECF
8).

3.      On August 18, 2021, Plaintiff emailed to the Clerk's office a request to "temporarily
pause the case" to allow him to file a motion for leave to file an Amended Complaint.  (ECF 16).

4.      On August 26, 2021, Plaintiff filed a Motion for Leave to File an Amended
Complaint, including proposed language to include in such an amended complaint.  (ECF 17).

---

[1] Plaintiff named "ECFMG" as the defendant in this action.  As a matter of record, ECFMG's full,
legal name is the Educational Commission for Foreign Medical Graduates.  However, for ease of
reference, Defendant will refer to itself as "ECFMG."

5.      On August 27, 2021, the Court granted Plaintiff's Motion for Leave, ordering Plaintiff to file an Amended Complaint by September 3, 2021.  (ECF 18).

6.      On September 8, 2021, five days after the Court had ordered, Plaintiff filed a document purporting to be an amended complaint, which was substantially similar to the language Plaintiff used in the proposed amended complaint he included in his Motion for Leave.  (ECF 19).

7.      Subsequently on September 8, 2021, Plaintiff emailed to the Clerk's office a "Praecipe to Attach," civil complaint form, civil cover sheet, and a document titled "Amended complaint."  In the "Praecipe to Attach" and his email to the Clerk, Plaintiff asked that the civil complaint form and civil cover sheet be attached to the purported amended complaint document he had filed earlier in the day, which he represented was the same as the "Amended complaint" document he included along with his email.  The Clerk's office entered the "Praecipe to Attach" and exhibits on the docket on September 9, 2021.  (ECF 20).

8.      Plaintiff forwarded the same email and documents to counsel for ECFMG on September 8, 2021.  *See* email attached hereto as Ex. A.

9.      Notably, the document titled "Amended complaint" that was attached to Plaintiff's September 8, 2021 emails, which was ultimately entered by the Clerk, is different from the document Plaintiff filed on the docket earlier that day, and included factual and legal assertions not contained in the filed document.  *Compare* ECF 19 *with* ECF 20-3.

10.     Therefore, there are currently two documents on the docket that purport to be amended complaints but that differ substantively.

11.     ECFMG respectfully requests clarification as to which document is the operative Amended Complaint so that ECFMG can respond appropriately.

12.     Further, given this uncertainty, ECFMG respectfully requests an extension of its time to respond to the operative Amended Complaint until 14 days after such clarification occurs, to ensure that it receives the full 14 days to which it is entitled by Fed. R. Civ. P. 15(a)(3).

**WHEREFORE,** ECFMG respectfully requests that the Court grant this Motion, order Plaintiff to identify the operative Amended Complaint to which ECFMG must respond, and provide ECFMG 14 days from the date of such clarification to answer, move, or otherwise respond to Plaintiff's operative Amended Complaint.

Dated:  September 13, 2021                    Respectfully submitted,

                                             */s/ Max O. Bernstein*
                                             Elisa P. McEnroe, PA Bar No. 206143
                                             Max O. Bernstein, PA Bar No. 325405
                                             MORGAN, LEWIS & BOCKIUS, LLP
                                             1701 Market Street
                                             Philadelphia, PA  19103-2921
                                             Telephone:     +1.215.963.5917
                                             Facsimile:     +1.215.963.5001
                                             elisa.mcenroe@morganlewis.com
                                             max.bernstein@morganlewis.com

                                             *Attorneys for Defendant ECFMG*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via the ECF system and email upon:

Rajan Patel
8701 Deanne Dr.
Gaithersburg, MD 20882
drpat108@gmail.com

*Plaintiff*

DATED:  September 13, 2021                          <u>*/s/ Max O. Bernstein*</u>
                                                     Max O. Bernstein

# EXHIBIT A

**Bernstein, Max O.**

___

| | |
|---|---|
| **From:** | Rajan Patel <drpat108@gmail.com> |
| **Sent:** | Wednesday, September 8, 2021 4:49 PM |
| **To:** | McEnroe, Elisa P.; Bernstein, Max O. |
| **Subject:** | Regarding Case 2:21-cv-00546-NIQA |
| **Attachments:** | Complaint for a Civil Complaint.pdf; cover sheet.pdf; Amended complaint.pdf; Praecipe.pdf |

[EXTERNAL EMAIL]
Dear Defendant's Counsel,

The following attachments in this email have been filed with the PAED court. There is now a new complaint standing independently.

Attached is the civil cover sheet, along with the full completed complaint form with all sections completed. This entire complaint along with my actual amended complaint from yesterday, can now stand on its own as a new complaint. This email serves the defendant with the new documents via email. Moving forward, please also only correspond with me (the plaintiff) only via email. The certification of service is also attached in this email as well.

Thanks

Sincerely,

Rajan Patel (Plaintiff).

Case 2:21-cv-00546-NIQA

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ▾

_____ Division

| | | |
|---|---|---|
| Rajan Patel | ) | Case No.   2:21-cv-00546-NIQA |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial:  *(check one)*  ☑ Yes  ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| Educational Commission for Foreign Medical | ) | |
| Graduates | ) | |
| (also known as ECFMG) | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR A CIVIL CASE

### I.      The Parties to This Complaint

#### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Rajan Patel |
| Street Address | 8701 Deanna Dr. |
| City and County | Gaithersburg |
| State and Zip Code | Maryland, 20882 |
| Telephone Number | 240-367-3300 |
| E-mail Address | drpat108@gmail.com |

#### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

    Name                      Educational Commission for Foreign Medical Graduates

    Job or Title *(if known)*

    Street Address            3624 Market St.

    City and County         Philadelphia

    State and Zip Code     PA, 19104

    Telephone Number     215-386-5900

    E-mail Address *(if known)*  info@ecfmg.org

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.      If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
- Americans with Disability Act, including but not limited to Sec. 12189. Examinations and courses.
- Equal Educational Opportunities Act- granting equal amount of accessible time to pass exams.
- Pandemic related Federal and State Executive Orders that protect students and professionals engaged in certification processes, including but not limited to deadline extensions and other appropriate accommodations.

### B.      If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  Rajan Patel                              , is a citizen of the State of *(name)*  Maryland                       .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*                                   , is incorporated under the laws of the State of *(name)*                                         , and has its principal place of business in the State of *(name)*
                                   .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*                                   , is a citizen of the State of *(name)*                                   .  Or is a citizen of *(foreign nation)*                                   .

     b.     If the defendant is a corporation

          The defendant, *(name)* Educational Commission... (ECFMG) , is incorporated under

          the laws of the State of *(name)* Pennsylvania , and has its

          principal place of business in the State of *(name)* Pennsylvania .

          Or is incorporated under the laws of *(foreign nation)* _____ ,

          and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

     The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
n/a

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.
See attached pages for full narrative of Statemend of Claim AND Relief

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached pages for full narrative of Statemend of Claim AND Relief

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            01/17/2021

Signature of Plaintiff          /s/ Rajan Patel

Printed Name of Plaintiff        Rajan Patel

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rajan Patel | Educational Commission for Foreign Medical Graduates |

| **(b)** County of Residence of First Listed Plaintiff    Montgomery County | County of Residence of First Listed Defendant    Philadelphia City |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Pro-se | Elisa P. McEnroe, Max O. Bernstein |
| | MORGAN, LEWIS & BOCKIUS, LLP |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [x] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act, and the ADA Sec. 12189. Examinations and courses.

Brief description of cause:
Defendant refused to provide a requested accommodation that involves it slightly altering its criteria/policy of making exceptions to its "7 year rule"

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   15000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## In the United States District Court
### for the
### Eastern District of Pennsylvania

Rajan Patel vs. ECFMG (Educational Commission For Foreign Medical Graduates)

Case Number: 2:21-cv-00546-NIQA

Date: 9/3/2021

Lawsuit initially filed: February 4th 2021

## The Amended Complaint

This complaint and exhibit replaces page six of the case documents, which is titled "Statement of Claim and Relief."

Amended Statement of Claim and Relief:

The ECFMG (Educational Commission for Foreign Medical Graduates) gives students seven years to complete the USMLE exams in order to become ECFMG certified. I am such a student that has one more exam left to take and pass in order to be certified by the ECFMG. My seven years were up at the end of June of 2020. Before the Covid-19 Pandemic, we were able to take the exam on almost any day of the year that we wish, as long as we have an active scheduling permit issued by the ECFMG. However, during the timeframe of April-May-June-July 2020, though I had an active scheduling permit to take the exam, I was not able to take my exam because the test centers (called Prometric) were closed; and when they reopened, they required test takers to wear a complete mouth and nose covering (a face mask) for the entire length of the exam (nine full hours). Prometric's requirement of wearing a mask is reasonable as it is important to protect our communities and societies from the Coronavirus. However, I really am unable to wear a mask for the length of this exam, as my Pulmonologist at Johns Hopkins Medicine, Dr. Holden, has strictly recommended me NOT to wear a mask for that long because wearing a mask puts me in a dangerous situation healthwise, as I have a form of Asthma that causes dangerous levels of shortness of breath when wearing a mask for a prolonged time-frame. I have all medical documentation required to show evidence of these statements, and I would present such evidence during the appropriate phases of this civil action. My Pulmonologist confers that wearing a mask for extended periods of time significantly affects my safety, wellbeing and ability to breathe normally. I have asked the Prometric Test Centers if they can provide me with an accommodation (ADA- Reasonable accommodation) whereby I am allowed to take the test in a separate room without a mask, or some other way of allowing me to take the exam safely without wearing a mask (as an ADA Reasonable Accommodation due to

my disability that is impairing me from take the exam under the normal but new policies with regards to wearing masks). Prometric initially said no and suggested that I should wait until after the pandemic is over and they go back to allowing test takers to take the exam without wearing a mask. Their reason for this was that it would be unreasonable to provide me this accommodation when it can affect the health and safety of thousands of other people. I then explained my situation to Prometric and told them how it is time sensitive for me to take this exam and that my seven years are coming to an end with ECFMG's Seven Year Rule. Prometric then stated to me that it would allow me to take the exam without wearing a mask (as an accommodation) if I can provide them proof of certainty that ECFMG says that it will waive and extend temporarily, their seven year window for me (because by the time the testing centers were back to near full function capacity of scheduling, booking, and testing, my seven years had just passed - June 30 2020). This is a reasonable request by Prometric as they require a compelling reason and proof of that reason (eg. in this case ECFMG's seven years coming to an end for me), in order to provide me with an accommodation that could put their clients, test-takers, and employees at a health risk. Starting September 1st 2020 Prometric started giving consideration to extremely extenuating circumstances with regards to requiring the wearing of masks. Before September 1st 2020, but after the reopening of the test centers in 2020, there was absolutely no option of requesting for an accommodation that allows one to take a test without wearing a mask. This policy is reasonable of Prometric per the Americans with Disabilities Act, Sec. 12182. Prohibition of discrimination by public accommodations, which states:

"Nothing in this subchapter shall require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of such entity where such individual poses a direct threat to the health or safety of others. The term "direct threat" means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services." This law statute can be applied to the scenario of allowing people to take an exam without wearing masks can lead to a big health threat to the public. In one correspondence with the ECFMG, ECFMG had stated to me that it suggests I file a legal action against Prometric for failing to accommodate, rather than requesting ECFMG to alter its policies. My response to that is: Prometric has not denied me a reasonable accommodation, they have just made their criteria very strict on how people can attain that accommodation, as that accommodation (able to take an exam without wearing a mask) involves putting the health of others at risk. It is not unreasonable of Prometric to request this additional letter in order for it to grant a Reasonable Accommodation. In fact, under the above law I cited, it would be reasonable for Prometric to even deny an accommodation that puts the health of others in the public at risk. In my case, Prometric is willing to accommodate, but seeks a letter from the certifying entity that issues us the scheduling permit to take the exam at Prometric centers, and in my case that entity is the ECFMG. Prometric has not completely denied me an accommodation, they are working with me, but keeping the bar high- eg. them requiring a very compelling reason such as the candidate showing a timeline urgency supported by the certifying entity that issues the scheduling permit, in my case ECFMG. Prometric has stated that ECFMG would have to issue a letter that states that I have an upcoming deadline by which I need to complete the exam in

order to be certified by the ECFMG.{ Prometric has stated that the timeframe of "upcoming" can be between 1-18 months from now ( from the date on the letter). ECFMG can easily show this timeline urgency by providing a determination on my request for a 7 year extension NOW rather than making me wait until after I pass the exam (which is actually impossible because I can not even take the exam under current policies at prometric that require wearing mask). The only way Prometric will let me take the exam is if my educational certifying body (the body that issues my scheduling permit that allows me to take the exam at Prometric) writes a letter showing how urgent it is for me to pass the exam for the purposes of certification. This letter needs to identify a specific date that is in the near future from now (1-18 months from the date on the letter), by which I need to complete my usmle step 2 ck exam in order to meet the timeline requirement for certification by that same body that issues the scheduling permit- eg. ECFMG in this case. Prometric will only grant this accommodation if the ECFMG issues a letter that shows I have a timeline urgency with regards to certification deadlines and such. Only in that case, will Prometric grant me an accommodation that allows me to take the exam without a mask. Prometric's reasoning behind this is so that I do not miss out on an opportunity to become certified by missing the deadline/due date/window of time. Note: All of these alleged statements are documented by my back and forth letters between ECFMG and myself, along with Prometric and myself.

I then immediately approached ECFMG, asking them to provide me in writing that they would indeed extend my seven years, so that I can take the exam with the accommodation that I need at Prometric. I asked ECFMG to make a determination now rather than later (as an accommodation- which means reasonably altering a policy to make services accessible to disabled clients/students) because this accommodation can potentially allow me to access the exam (given ECFMG does grant the seven year window extension). ECFMG finally responded in January 2021 stating that it would not provide me this type of letter nor would it consider providing me an extension of the seven years until I take my remaining exam and pass it. ECFMG further stated that it denies my request for this accommodation. ECFMG also stated that it might finally make me retake my first exam that is out of the seven year time frame in order to deem me eligible for certification. Note that making me retake an exam that I worked so hard to pass in the first place, along with the fact that I would have been done (with a passing result) with this last exam as well within the seven year window if the pandemic did not occur, test centers did not close, and if masks were not required to be worn, is utterly unjust. This is and should be a valid reason to allow an exception and extension of the seven year window by ECFMG. However, ECFMG refused to provide me with this extension and said it would only consider it AFTER I finish and pass the remaining exam, despite it knowing that I can not physically take or pass the exam until I am granted this disability related accommodation. It would be a reasonable accommodation for ECFMG to grant an extension PRIOR to me finishing the exam, instead of waiting until AFTER I am finished with the exam ( as it does under its normal protocol),  especially since it is really needed in this situation. A reasonable accommodation is a change made to established normal protocols and policies in order to provide accessibility and fairness to a person who is disabled, where the disability is impairing the person's accessibility/fairness. My medical condition is indeed covered under the ADA as a

recognized disability.  ECFMG also stated several times in communication with me that they "encourage me to take the exam under current protocols and standards at the testing center (implying I wear a mask), instead of me trying to ask ECFMG of these types of requests." This is almost a taunt to a person who is disabled/has a medical condition, who truly can not take the exam due to health reasons related to wearing a mask. Given this unprecedented nature of the pandemic, educational organizations are to grant accommodations when needed and appropriate (both under the ADA law and other Pandemic related laws and executive orders). In this case it is appropriate and necessary for the ECFMG to extend my seven year window, as it is a procedural requirement by the test center in order for it to allow me to take the exam with the disability related reasonable accommodation that I need (eg. not wearing a mask). ECFMG and Prometric work together to allow students to take the USMLE exams. Prometric did its part in providing a reasonable guideline to receiving an accommodation, but ECFMG is not doing its part in providing a definitive communication and statement that it will provide me an extension of the seven years. It failing to provide this statement to me now, is causing me to be unable to take the USMLE exam at the Prometric center, in turn directly hindering my progress in my career as a physician. Without taking the USMLE exams and becoming ECFMG certified, there is absolutely no way one can even begin training as a physician. This is similar to the BAR exam that lawyers have to pass in order to be licensed by the state as an Attorney. I need to provide Prometric the compelling reason that I have an upcoming time deadline to pass this last exam in order to be ECFMG certified. ECFMG needs to give me such a deadline so that I can provide it to Prometric. If it does not, I will be unable to receive the accommodation from Prometric (to take the test without wearing a mask). ECFMG is failing to provide me with such a deadline (as part of an accommodation request I made to the ECFMG). ECFMG states that providing me with such a deadline would mean it agrees to provide me an extension to the seven year window prior to me passing the last exam, which it does not agree to do. This failure to provide me this new deadline as a reasonable accommodation is ECFMG's breach of law and is the reason I am suffering the loss of not being able to take the last USMLE exam and hence not being able to continue on my path of becoming a physician. It is wasting valuable time and the longer we wait, the more difficult it will be for me to explain this time gap to future training programs and employers. This field is competitive as it is and this is making my competition and difficulty even steeper (for a completely unfair/unjust reason). These are real losses and damages that I am suffering as a result of ECFMG's denial and refusal to accommodate. A fair relief would involve paying me back the recent exam fee I had to pay to extend my eligibility period, AND more importantly, providing me with this much needed "new deadline" and "extension" that I need to show Prometric, in order for me to get the accommodation from Prometric to take the exam without a mask. ECFMG extended all test takers' scheduling permits (during the pandemic) by 18 months, which was unprecedented, yet it can not agree to extend my seven year window, which seems quite unjust and unreasonable, especially since this is needed as an accommodation in order for me to access the exam. This accommodation will allow me to take and pass my exam before the new deadline is up and hence be ECFMG certified in a timely manner, and then be able to progress in my career as a physician, seeking training programs and employment. If I do not receive this accommodation from ECFMG, I will not be able to be ECFMG certified under the current situation with the pandemic and hence will

not be able to embark on my career as a physician, for which I have worked so hard to reach this final stage. Given the nature of this issue, and given the fact that I have paid ECFMG thousands of dollars in fees already, it is ECFMG's responsibility to make adjustments to their policy when necessary and appropriate under law (eg. ADA law). In the ADA Title III: Public Accommodations section, it states: "Courses and examinations related to professional, educational, or trade-related applications, licensing, certifications, or credentialing must be provided in a place and manner accessible to people with disabilities, or alternative accessible arrangements must be offered." In this case, it is absolutely appropriate for ECFMG to NOW grant me a definitive written statement of extension of the seven years, and a new extended deadline so that I can take my exam. All other students under normal circumstances received their seven full years if they wished, but I did not, as during the last several months/weeks of my seven years, ALL Prometric test centers were closed due to the pandemic. Hence extending the seven years for people like me, is warranted and the only fair way to compensate for the lost time. Furthermore, due to my medical condition, I am unable to test until the test center allows me to take the exam without a mask, and currently, they will only do that if they have a compelling written statement from ECFMG establishing a new reasonable upcoming deadline by which I need to take the exam in order to meet the ECFMG certification needs (eg. seven year rule). ECFMG's refusal to do this and them adamantly sticking to their current notion that they provide considerations of extension only AFTER all exams have been passed, is essentially them not providing me with the reasonable accommodation that I need to be able to take and access this exam, and thus is their breach of the ADA law, among other laws. ECFMG's current policy of assessing whether it will or will not extend the seven year window ONLY AFTER the last exam has been passed, hinders my accessibility to this USMLE exam, as I am unable to take the exam and pass it BEFORE it grants me the extension. I am physically unable to do so, due to a physical disability mentioned above (Asthma). I can not take this exam with a mask on, and Prometric will allow me to sit in their test center to take the exam without a mask ONLY IF ECFMG provides such a statement of extension with a new deadline by which I need to take and pass the USMLE step 2 ck exam.  Hence, I need ECFMG to provide a reasonable accommodation so that I can access this exam. ECFMG has refused to provide such reasonable accommodation, therefore has breached ADA law and perhaps other laws (related to the Pandemic this year and last year). I am still requesting that ECFMG grant me this accommodation as part of the relief that I am seeking in this civil action. I also seek the relief of monetary compensation for paid time loss as a direct result of ECFMG failing to accommodate per ADA law. If I was granted this accommodation when I sought it, I would have taken and passed the exam shortly thereafter and could have progressed on my intended career path as planned. But due to ECFMG failing to accommodate, I have yet to take the exam, and thus have not been able to progress at all on my professional medical career path, as passage of this exam is a strict requirement to engage in any further medical training/licensure. I have lost close to one year in my medical career path. I also seek a free extension on my current USMLE step 2 ck scheduling permit as my scheduling permit has not been usable to take the exam due to the fact that ECFMG has not granted this disability accommodation of making a determination on the seven year window extension request prior to me taking and passing the USMLE step 2 ck.

NOTE: On a side note, with respect to ECFMG giving me consideration of extension to its seven year rule, I would like to assert that under the Equal Educational Opportunities Act, all students/candidates should be given an equal amount of accessible time (eg. full seven years) to take the USMLE exams. I was not given the full seven years, as shortly after the Pandemic struck, (in March 2020), Prometric centers were closed worldwide. Hence, my seven years were cut by several months, and ECFMG should understand this and provide me with a reasonable extension on this time like it did on all of our scheduling permits and like State Government Physician Boards did with respect to their own seven year rules on physician applicants for licensure. My seven years with ECFMG to take my USMLE exams were not fully accessible seven years (I and hundreds of others were not able to test on and after March of 2020 due to widespread shutdown of Prometric centers). As such, ECFMG should give us a reasonable extension. If ECFMG gives me this extension, I will likely be able to take the exam and pass it within maximum 2-3 months after it issuing the letter granting me an extension of the seven years. If it does not issue me such a letter, I will likely never be able to test, unless Prometric removes its mask policy (which it doesn't seem like it will do anytime soon, as the Pandemic is still a big health concern).


**<u>Summary</u>**

I, Rajan Patel, am a registered test-taker of the USMLE step 2 ck exam. For International Medical Graduates, like myself, the USMLE exam is only administered through a Philadelphia based organization called the Educational Commission for Foreign Medical Graduates (ECFMG). This lawsuit is against ECFMG for refusing to provide me with a reasonable accommodation that I need in order to access and take the USMLE exam (the refusal is clear in its email to me). The exam is to be taken at a center that belongs to a company called Prometric. Prometric has stated that it needs a compelling enough reason to grant me the accommodation that I need, which is to be able to take the exam without wearing a mask that covers my mouth and nose (they require masks due to the current pandemic). Prometric has stated that one such example of a compelling reason (in order for it to grant me this accommodation), as it pertains to my situation, is a timeline/deadline related urgency where if I do not take the exam by a certain deadline that is only 0-18 months away, I will not be eligible to be professionally certified (eg. ECFMG certification) without taking and passing further repeat USMLE exams. Prometric requires, in writing, a statement from such a professional organization that would be certifying me eg. from ECFMG. Without this, Prometric has deemed it unreasonable to grant me this accommodation and has stated that I must wait until it removes the policy that requires test takers all over the country to wear a mask (in order for me to take the exam without a mask), for which they do not have an approximate date of occurrence. Without such a letter/statement from ECFMG or similar certifying bodies that engage in my medical education certification process, Prometric has deemed it not to be reasonable to allow me to take an exam without wearing a mask (even if I have Asthma and have been strictly

advised not to by a Pulmonologist) because it puts hundreds of other people who take exams at Prometric, along with staff, at risk amidst this pandemic. Prometric has reasonably stated that they need to maintain strict requirements and criteria in terms of evaluating cases where test-takers request to take their exam without a mask.

I subsequently approached ECFMG, requesting for such a letter that states that if I do not take and pass the USMLE step 2 ck exam within the next 1-18 months, I will not be eligible for ECFMG certification without repeating and passing already taken USMLE exam(s). ECFMG has stated to me that in order for it to issue me any letter that states a deadline is approaching by which I need to take the exam in order to be certified without repeat exams, it would first need to extend my seven year window to take the exam without any repeat exams necessary. ECFMG stated in writing to me that it will only consider extending my seven year window AFTER I pass this last exam that is remaining for me to take. ECFMG stated that in its consideration process (after I complete this remaining exam and pass it), it will take into account the reason for which I am requesting this extension of the seven year window. I have requested and am still requesting that ECFMG gives me a reasonable disability accommodation (a slight adjustment in its policy and process), whereby it considers extending my seven year window now rather than doing so AFTER I take the exam, as without such determination NOW, I can't even take the exam (per Prometric's determination/decision). Prometric has outlined a viable/reasonable method by which I can attain the needful accommodation through Prometric, but it involves ECFMG to also do its part by cooperating and providing such type of letter and determination that it will now grant me an extension to the seven year rule established by ECFMG, along with issuing a reasonable deadline by which I need to take and pass the remaining USMLE step 2 ck exam to avoid needing a retake on any passed USMLE exam for the purposes of ECFMG certification. This is an accommodation that ECFMG needed to and still needs to provide me in order for me to be able to take the accommodation that Prometric has offered. This accommodation that I have requested is reasonable and should have been provided by ECFMG per the Americans with Disabilities Act law. ECFMG needed to and still needs to issue a letter with a reasonable deadline (with a date in the near future, such as between 1-18 months from now) by which I must take the USMLE step 2 ck exam in order to avoid retaking any USMLE exams for ECFMG certification purposes. ECFMG refused and still refuses to provide this accommodation, and I am still requesting that ECFMG grant me this accommodation as part of the relief that I am seeking in this civil action. I also seek the relief of monetary compensation for paid time loss as a direct result of ECFMG failing to accommodate per ADA law. If I was granted this accommodation when I sought it, I would have taken and passed the exam shortly thereafter and could have progressed on my intended career path as planned. But due to ECFMG failing to accommodate, I have yet to take the exam, and thus have not been able to progress at all on my professional medical career path, as passage of this exam is a strict requirement to engage in any further medical training/licensure. I have lost close to one year in my medical career path. I also seek a free extension on my current USMLE step 2 ck scheduling permit as my scheduling permit has not been usable to take the exam due to the fact that ECFMG has not granted this disability accommodation of making a determination on the seven year window extension request prior to me taking and passing the USMLE step 2 ck.

Sincerely,

Rajan Patel
*/s/ (electronically signed)*

Case 2:21-cv-00546-NIQA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

                                    )
                                    Defendant.

RAJAN PATEL
)
)
Plaintiffs,


)
)
v.                                          )
                                    Civil Action No. 2:21-cv-00546  Hon.


                                    Nitza I. Quiñones-Alejandro
)
)
ECFMG,




)


**PRAECIPE TO ATTACH**

Kindly attach the included Civil Complaint Form and Civil Cover Sheet to Pro-se

Plaintiff's most recently filed amended complaint, which is also attached in this email.


DATED: 9/8/2021, */s/ Rajan Patel*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copy of the foregoing document to be served via electronic filing upon the following via EMAIL to:

Elisa P. McEnroe

> Max O. Bernstein, PA Bar No. 325405
> MORGAN, LEWIS & BOCKIUS, LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921
> Telephone: +1.215.963.5917
> Facsimile: +1.215.963.5001
> elisa.mcenroe@morganlewis.com
> max.bernstein@morganlewis.com
>
> *Attorneys for Defendant ECFMG*

DATED: September 8, 2021 */s/ Rajan Patel*  Rajan Patel