Case 2:21-cv-00546-NIQA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

)
Defendant.

RAJAN PATEL
)
)
Plaintiffs,

)
)
v. )
Civil Action No. 2:21-cv-00546  Hon.

Nitza I. Quiñones-Alejandro
)
)
ECFMG,

)

**Rebuttal to Defendant's Motion to Dismiss**

In its rebuttal, ECFMG's counsel states that they are not sure the length of the extension being sought. In my complaint, I have given clear indication as to the number of months extension being sought. I have mentioned 18 months, but even if ECFMG gives me a 3 or 6 month extension, I will still be able to complete the exam. Right now I can not even complete the exam due to ECFMG refusing to make a decision now in terms of the number of month extension it will grant. I am not leaving this number of month extension up to anyone except ECFMG to decide a reasonable extension. I suggested 18 months, but can even accept 6 months, as currently I need something in writing that ECFMG will indeed grant me the extension for a certain time period (not an uncertain blanket time period), which then creates a compelling reason for me to provide Prometric to give me the exception to take the exam without wearing a facemask. Again, I have not alluded to or requested ECFMG to provide a blanket or unknown extension of time. I have clearly stated that ECFMG needs to provide a definitive time period (eg. 18 months or 6 months) extension, contrary to it claiming that I am seeking a blanket extension on its motion to dismiss. Of important note, though the USMLE exam is sponsored by the National Board of Medical Examiners, it is administered by the ECFMG for Foreign Medical Graduates, and I am one such foreign medical graduate. The letter that ECFMG's counsel attached as an exhibit does not provide any assistance in receiving an accommodation from Prometric as the letter does not state any type of urgency or new deadline imposed by the ECFMG. Rather, the letter simply states that I have exceeded the seven year time period to take the exam and that any accommodation by Prometric would be appreciated. ECFMG does not mention any statement of urgency in the letter, which can only be communicated by imposing a new strict deadline. If perhaps in the letter, ECFMG stated a proposed new deadline that ECFMG is giving me by which I need to pass the exam, in order to maintain the eligibility for certification (without having to retake an exam), Prometric would be able to use that as a valid reason to provide an accommodation where I can take the exam before that date established by ECFMG, without needing to wearing a mask. But in the letter, ECFMG does not mention any such urgency or new imposed deadline (eg. extension of the seven year rule).

In its motion to dismiss, ECFMG's counsel states "vague unending statement of projected need- for example, asking ECFMG to…..as Plaintiff included in his Amended Complaint." I have not requested for any type of vague unending statement of need. I have requested a one time extension, something that is very reasonable, given my constraints due to a disability that prevents me from complying with the new covid related facemask policies at Prometric testing centers. If ECFMG does not provide this extension or establish a new date by which I must take the exam to adhere to its certification policy, I can not even take the exam. Taking the exam is my right as a medical student/medical graduate attempting to become a physician, and as a citizen of the United States of America. I have worked hard through medical school, and now I can not even take my last board exam ONLY because of ECFMG's refusal to accommodate. Again, the accommodation I seek is for ECFMG to make a decision on my extension request BEFORE taking the last exam, rather than AFTER taking the exam. I understand the reasons as to why ECFMG makes decisions after taking the last exam under normal circumstances; but since this is not a normal circumstance, and since I really can not even sit for the exam unless ECFMG makes this decision BEFORE me taking the last exam, I am asking for ECFMG to slightly adjust its policy/doings as a disability accommodation, for me to be able to access the exam. If ECFMG does not provide this ADA related reasonable accommodation, I am being denied my fundamental right of access to education (including access to certifying board exams).

If ECFMG grants me this accommodation, it will not do any undue burden or harm to ECFMG. I am not seeking a serial extension. As clearly stated in the complaint, I am seeking a one time extension so that I can take the exam and pass it. Nowhere did I mention that I would request for serial extensions if unable to pass etc. I chose to sue ECFMG because I am unable to sit for the exam without ECFMG giving me the accommodation I stated above.

Of note, I never stated that ECFMG's letter that is dated January 2021 in its exhibit, is "reasonable." I only stated that ECFMG providing proof of extension and an established new deadline by which I need to pass the third exam, would be reasonable for Prometric to consider granting an accommodation whereby I don't wear a mask to take the exam. ECFMG did not do this, nor did it provide proof of a new established deadline by which I need to pass my third exam. I am not seeking an unspecified extension, rather I need a specified extension (with a specific date/time frame in terms of number of months). This is clearly communicated on my Amended Complaint. I can not take the exam without ECFMG granting an extension and establishing a firm new deadline (my proposed time frame was 1-18 months as a reasonable extension), however the exact timeframe would be up to ECFMG to decide. I suggested between 1-18 months as an example, and not as a blanket unspecific timeframe. Obviously, ECFMG would choose an exact timeframe and new date, that perhaps falls in between 1-18 months from now. Never did I state that ECFMG should provide a blanket unspecified extension. Rather I stated that ECFMG should provide a fixed new timeframe and new deadline by which I need to pass the exam. This will allow me to take the exam with the accommodation I need with Prometric. ECFMG's counsel states that I chose not to proceed with one of the two options it states; however I would like to assert here I (through the technical default), am unable to choose either of those two options, as I am unable to take the exam, though I would like to. This is strictly due to a disability preventing me from being able to wear a mask (as required to take the exam). Contrary to the defendant's claim on the motion to dismiss, if ECFMG accommodates per my request, I would indeed be able to take the exam. Hence ECFMG's current refusal to accommodate is indeed preventing me from being able to take the exam. ECFMG's refusal to provide this disability accommodation (details of the accommodation are outlined in my complaint and here) prevents me from taking the exam. Furthermore, I never stated anywhere that the type of letter that ECFMG alleges it sent me, is "reasonable." An extension of my 7 year window to a point in time that is within 18 months will satisfy Prometric's requirement for them to grant me an accommodation of taking the exam without a mask. This was communicated to me by Prometric.

ECFMG's counsel states that it is not aware of any executive order that is related to my allegation against the ECFMG, or any order that requires ECFMG to accommodate candidates whose ECFMG certification process is affected by the pandemic. Just because ECFMG is not aware, does not mean there is no such executive order or law in place under federal rules. In the complaint or the rebuttal, I am not required to state legal statutes. When the appropriate time comes, I would be happy to include the legal statutes and executive orders. In the complaint and rebuttal, I have been guided by the court documents to only state events that occured, and not state legal statutes.

I have suffered damages at the hands of ECFMG. ECFMG's refusal to provide a reasonable accommodation under ADA law, of making its decision on whether it will or will not give me an extension to the 7 year rule BEFORE I take the last remaining exam rather than AFTER I take it (eg. a change in its own policy as an accommodation), is

directly preventing me from being able to sit for the exam by default. I have explained exactly how this is so in my complaint and aforementioned in this rebuttal. My allegations do not hinge on hypothetical future events. ECFMG's refusal to accommodate by slightly changing its policy for me in terms of when it makes the decision to give me an exception or not, is disallowing me to take an exam required for me to become a physician and be certified. This is a direct and current event that is removing my access to taking an examination that everyone else who are not disabled with my disability have access to. This is a fundamental breach in right and a damage occurred already (not hypothetical or future). The damage due to ECFMG's breach, is that my fundamental right to sit for an exam (eg. my right to an education) in my profession has been taken away. I am by technical default unable to sit for the exam (due to my disability that ECFMG is unwilling to accommodate for in order to provide me accessibility and ability to sit for the exam). It is unjust that I am unable to sit for the exam (in my profession), while everyone else is able to sit for the exam. The reason I am unable to sit for the exam is the fact that ECFMG refuses to reasonably accommodate in the way I mentioned above. Therefore ECFMG's refusal to accommodate directly harms me by being unable to sit for an exam that is required for me to complete in order to attain my educational credentials. This is a harm that is current and has already occurred. It is certainly not anything of hypothetical nature or of the future.

ECFMG's counsel states that "It is unclear if Plaintiff can or ever will pass the last remaining exam, even if ECFMG did grant him the unreasonable exception he requests; as such, it is a "contingent future event[]." Whether I can or will pass the exam is a future event, however currently, not being able to take the exam right now (eg. direct access to education/examination that other non disabled students have) is not a hypothetical issue of the future. It is a real current damage that has been placed upon me by ECFMG due to it refusing to reasonably accommodate to my need here. ECFMG preemptively deciding whether it will or will not grant me an extension to the seven year policy, is a reasonable accommodation. It is an alternative method from their established norm of providing such decision to making an exception only after one has finished all exams. In my case, I can not take the last exam without ECFMG providing this decision, hence it must be preemptive (eg. my real need for this reasonable disability accommodation). If the court dismisses the case, I will not be able to even take the exam. This would be a direct denial of completing my exam to receive the educational credentials that I have gone through years of schooling for. My right to an education includes my right to sit for exams to attain that education. ECFMG is directly hindering and blocking my ability to take this exam, due to it refusing to accommodate my needs according to the ADA.

I have clearly stated on my amended complaint that my inability to take this exam (as a result of ECFMG's denial of my accommodation), makes me automatically disqualified from even applying to places for employment as a physician in training, what to speak of explaining to employers my time gap. I do not even have the chance to explain to them my time gap, because I am not even qualified to apply right now, due to not having taken the exam. The reason I can not take the exam is because ECFMG will not accommodate my needs aforementioned (per ADA law). This is a direct damage I incurred due to ECFMG's denial to reasonably accommodate under ADA law. Many employers have explicitly told me that if I had taken the remaining exam, they would have granted me the offer/job/opportunity. But due to ECFMG's refusal to accommodate, I could not and still can not sit for the remaining exam, hence refusal to be hired by employers and even refusal to be considered by employers. This is a damage that has already occurred, not something of the future. Hence the defendant's motion to dismiss claims are inaccurate and false.

The inability to take an exam or attend an educational program directly due to an organization's negligence or failure to accommodate per ADA law, is a recognized injury. This injury has already occured for me as a result of ECFMG's failure to accommodate. This injury essential is an unfair and unlawful block of access to education and educational credentials (eg. unequal opportunity) due to failure to reasonably accommodate per ADA law. I can not take the exam without this accommodation. ECFMG refuses to grant me this accommodation. Inability to take this exam is the injury I face. This is all clearly stated in my amended complaint. Hence the defendant's claim that I am speaking of some contingent hypothetical instance of the future is utterly incorrect.

ECFMG's claim is false: it did not provide a letter that states the elements that the Defendant claims that it did in January 2021.

As stated in the amended complaint, it is not Prometric who is denying an accommodation. Prometric is willing to grant the accommodation, granted ECFMG provides the type of statement and letter that indicates that ECFMG is granting me an extension and that the new deadline by which I must take the exam (without having to retake any exam to become ECFMG certified) is in the near future (within 18 months away). Only this type of letter creates a true compelling reason for Prometric to grant an accommodation that can otherwise impose health risks on hundreds or thousands of other test-takers. Defendant states "Indeed, by Plaintiff's own logic, if Prometric would have provided Plaintiff an ADA accommodation and allowed him to take the exam without a mask when he first asked, he might not have even needed an exception to ECFMG's Seven-Year Rule at all." This statement is false as when my seven years were up, the prometric testing centers were all closed (in 2020 due to the pandemic). By the time Prometric opened back up and mandated masks, my seven years had passed. So what the defendant states here is not true.

Defendant states: "The truth remains that Plaintiff's alleged ADA claim has been lodged at the wrong entity. And Plaintiff presents no legal authority supporting the proposition that one entity (here: ECFMG) can be liable for another entity's (here: Prometric's) refusal to accommodate his medical condition as required under the ADA. Consequently, Plaintiff's ADA claim as to ECFMG should be dismissed." Just because the defendant concludes this, does not make it true or correct. Prometric did ot refuse to accommodate. Prometric provided guidelines and rules by which it can provide such an accommodation. One instance where it can provide this accommodation is if ECFMG can provide the type of letter, statement, decision and accommodation that I am seeking. Despite ECFMG knowing this and recognizing this reasonable statement by Prometric, it still refuses to accommodate. The accommodation sought with Prometric is not the same accommodation sought with ECFMG? With Prometric, I am seeking the accommodation where it allows me to test without wearing a mask. With ECFMG, I am seeking the accommodation where it gives me a decision on the seven year rule exception (and a new instated deadline within the next 18 months) BEFORE I complete and pass my last exam. The truth is that in order for me to receive the accommodation offered by Prometric, I need to receive the accommodation requested to ECFMG, by ECFMG. ECFMG failing to accommodate prevents me from receiving Prometric's disability accommodation and hence prevents me from accessing and taking the exam. This lawsuit is against ECFMG for its denial to accommodate and the consequence it has resulted in (eg. the injuries that I have incurred as a result - not being able to take the exam and complete my

education). Note that Prometric and ECFMG work hand in hand together to allow students to take this exam. Prometric did its part but made a conditional offer to grant me an accommodation if ECFMG provides a compelling reason to do so in the form of a new deadline. I asked ECFMG to do that and it refused. ECFMG has fundamentally denied my request, which essentially takes away my ability to even take the exam. ECFMG is to be blamed for denying me this much needed accommodation to complete my exam.

In rebuttal to Defendant's motion, the ADA law does not only govern issues surrounding physical places. ADA law clearly states (as mentioned on my amended complaint) that educational institutions (and similar), along with examination administering entitis (like ECFMG) must provide reasonable accommodation to disabled candidates whose disability directly impair them from accessing that educational resource or examination. This complaint and rebuttal is not to go into legal statutes. But as the pro-se plaintiff, the facts I allege do show that ECFMG breached the ADA law by failing to reasonably accommodate for my impairment, which prevents me from being able to take my last exam. Again, accessibility by the defendant to physical places belonging to the entity sued, is not the only implication of the ADA law. The defendant's motion to dismiss and its argument surrounding "physical places" bears no relation or relevance to my argument and allegation at hand.

This rebuttal and amended complaint are not to include legal statutes. As stated by the court, these documents are to only state the facts I allege as the plaintiff that lead to damages and the compensation that I am seeking. Court guidelines state that the amended complaint is not to be a description of legal grounds or statutes. Hence a detailed description of exactly how ECFMG has breached the laws in question is not provided here. Rather factual allegations are provided.

For the reasons mentioned above, I request the court to continue the case and deny the Defendant's Motion to Dismiss.

DATED: 10/20/2021,

Respectfully submitted,

/s/ Rajan Patel  (Rajan Patel)

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copy of the foregoing document to be served via electronic filing upon the following via EMAIL to:

Elisa P. McEnroe

      Max O. Bernstein, PA Bar No. 325405
      MORGAN, LEWIS & BOCKIUS, LLP
      1701 Market Street
      Philadelphia, PA 19103-2921
      Telephone: +1.215.963.5917
      Facsimile: +1.215.963.5001
      elisa.mcenroe@morganlewis.com
      max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

DATED: 10/20/2021

*/s/ Rajan Patel*

Rajan Patel