**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAJAN PATEL | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:21-cv-00546 |
| | ) | |
| v. | ) | |
| | ) | Hon. Nitza I. Quiñones-Alejandro |
| ECFMG, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Dated: November 8, 2021

Elisa P. McEnroe, PA Bar No. 206143
Max O. Bernstein, PA Bar No. 325405
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:  +1.215.963.5917
Facsimile:   +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

**I.    INTRODUCTION**

Plaintiff's opposition brief does nothing to alter the conclusion that his Amended Complaint fails as a matter of law and should be dismissed. In his opposition, Plaintiff maintains that he is currently being damaged by ECFMG not providing a preemptive exception to its Seven-Year Rule, insists that the extension he seeks to this seven-year period is not indefinite, and argues, without support, that his allegations give rise to an actionable ADA claim. However, nothing in Plaintiff's opposition changes that: (1) because his alleged damages are not quantifiable and are merely hypothetical and indefinite, this case is not ripe for disposition; and (2) he has not stated a legally cognizable claim upon which relief may be granted. Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety and with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**II.   ARGUMENT**

**A.    This Case Is Not Ripe.**

In its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint, ECFMG explained that Plaintiff's claims are not ripe for adjudication pursuant to Article III of the Constitution because his allegations hinge on contingent, hypothetical future events. It is undisputed that Plaintiff could choose to take and pass his remaining exam—whenever he is able to do so—and then decide whether to: (1) re-take his first-in-time exam to ensure he has passed all three within seven years; or (2) request an exception to ECFMG's policy to elongate his seven-year period. It is also undisputed that Plaintiff has not yet taken his final exam required for certification, and no one (including Plaintiff or ECFMG) knows when, *or even if*, he will ever pass it.

To counter these truths, Plaintiff claims that ECFMG's actions have somehow resulted in his inability to even sit for his remaining exam, as his medical condition prevents him from wearing

a mask and the testing company, Prometric, will not grant him an accommodation unless ECFMG grants him an extension to its Seven-Year Rule now. According to Plaintiff, "not being able to take the exam right now . . . is not a hypothetical issue of the future. It is a real current damage that has been placed upon" him. (ECF 29, p. 4 of 8).

But, when examined, it is clear that the damages for which Plaintiff seeks to recover—not being able to "apply[] to places for employment as a physician in training" and the negative impact of having to "explain to future employers [his] time gap," ECF 29, p. 4 of 8—are hypothetical effects that *may* (or may not) result from his failure to take and pass his remaining exam. Plaintiff cannot rest his case on such "contingent future events." *Doe v. Cty. of Centre*, 242 F.3d 437, 453 (3d Cir. 2001) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Moreover, despite Plaintiff's insistence that the exception he seeks is not indefinite—claiming he "mentioned 18 months," or "even . . a 3 or 6 month extension," ECF 29, p. 2 of 8—the relief he seeks is undoubtedly indeterminate. Plaintiff fails to consider the possibility of him failing his third exam, even if ECFMG were to grant him a preemptive exception to its Seven-Year Rule. In that case, what would happen next? Would ECFMG be required to offer him extension after extension until he finally passes? When would ECFMG's supposed liability to Plaintiff end? Plaintiff provides no answers to these questions. Because it is unclear if Plaintiff will ever pass the exam at issue, the relief Plaintiff requests in the Amended Complaint is essentially indefinite, until Plaintiff eventually passes the subject exam, if that ever occurs.

On the other hand, the aforementioned options ECFMG offers under its current procedures provide Plaintiff the opportunities to either request an exception after he is able to sit for and pass his final exam, or to simply retake any exams falling outside of seven years, to ensure compliance with the Seven-Year Rule and to guarantee the currency of Plaintiff's medical knowledge in

furtherance of the public health. ECFMG has not precluded Plaintiff from becoming ECFMG certified (if/when he meets all requirements); if anything, such certification has been delayed by Plaintiff himself. As such, any damages Plaintiff is claiming are merely hypothetical

Under well-established Constitutional standards, Plaintiff cannot bring a claim in court to remedy an injury that might one day befall him. Because each of the injuries Plaintiff alleges in his Amended Complaint and opposition is merely theoretical, hypothetical, or indefinite, this case is not ripe, and this Court lacks subject-matter jurisdiction over it. *See Boerger v. Levin*, 812 F. Supp. 564, 565 (E.D. Pa. 1993).

### B. Plaintiff Has Not Stated An ADA Claim Against ECFMG.

Plaintiff repeats, several times, in his opposition that it is not necessary for his Amended Complaint "to go into legal statutes," and, therefore, that he has not adequately pleaded a cognizable ADA claim does not mandate dismissal of his Amended Complaint. (ECF 29, pp. 5-6 of 8). This argument is flat wrong. While the Third Circuit has recognized that "*pro se* complaints are to be read liberally," it has also explicitly held that a *pro se* complaint must be dismissed if "it appears beyond doubt that [the *pro se* plaintiff] can prove no set of facts in support of the claim that would entitle him to relief." *Leamer v. Fauver*, 288 F.3d 532, 547 (3d Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Moreover, under the well-established *Twombly-Iqbal* pleading standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Plaintiff has failed to meet his burden here.

In Plaintiff's opposition, he argues, without support, that "the ADA law does not only govern issues surrounding physical places" and "accessibility by the defendant [*sic*] to physical places belonging to the entity sued, is not the only implication of the ADA law." (ECF 29, p. 6 of 8). But Plaintiff's own subjective beliefs about the reach of the ADA are irrelevant. As explained in ECFMG's Motion, the Third Circuit has consistently interpreted Title III to "plain[ly] mean []" that "a public accommodation is a place." *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998); *Peoples v. Discover Fin. Servs.*, 387 F. App'x 179, 183-84 (3d Cir. 2010). As such, Title III's prohibitions do not apply to "an organization's operations unconnected to any physical facility." *Ford*, 145 F.3d at 613. Plaintiff only alleges facts related to ECFMG's supposed refusal to grant him an exception to its Seven-Year Rule, which is undoubtedly unrelated to any of ECFMG's physical spaces or access thereto. Plaintiff does not dispute this fact in his opposition. Consequently, under well-established Third Circuit precedent, even assuming all of its factual content is true, the Amended Complaint does not state a claim upon which relief can be granted against ECFMG.

It is apparent, from both the Amended Complaint and Plaintiff's opposition to ECFMG's Motion, that the only entity allegedly failing to provide access to a physical place to Plaintiff is the test administrator, Prometric. Although Plaintiff states in his opposition that "it is not Prometric who is denying an accommodation," ***in the same paragraph***, he confirms that "[t]he truth is that in order for me to receive the accommodation offered by Prometric, I need to receive the accommodation requested to ECFMG, by ECFMG." (ECF 29, p. 5 of 8). Therefore, Plaintiff's claim is that ECFMG should somehow be liable for Prometric's refusal to provide an accommodation for Plaintiff to gain access to Prometric's physical space. While it is true that Plaintiff need not state with specificity the precise legal bases for his claims, a legal basis for

4

Plaintiff's claims must, at least, exist. And, as far as ECFMG is aware, the ADA does not support a plaintiff's claim for liability against one entity for another entity's failure to provide an accommodation. That Plaintiff believes there must be a legal authority for such an argument does not make it so. Therefore, Plaintiff's Amended Complaint should be dismissed.

## III. CONCLUSION

For the foregoing reasons, and those stated in ECFMG's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint, ECFMG respectfully requests that that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff's case is not ripe, and the Amended Complaint does not establish any claim upon which relief may be granted.

Moreover, because the defects in the Complaint cannot be cured by amendment (as is evident by the Court already permitting Plaintiff to amend his Complaint), ECFMG asks that the dismissal be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

| | |
|---|---|
| Dated: November 8, 2021 | Respectfully submitted, |
| | */s/ Elisa P. McEnroe*<br>Elisa P. McEnroe, PA Bar No. 206143<br>Max O. Bernstein, PA Bar No. 325405<br>MORGAN, LEWIS & BOCKIUS, LLP<br>1701 Market Street<br>Philadelphia, PA  19103-2921<br>Telephone:     +1.215.963.5917<br>Facsimile:     +1.215.963.5001<br>elisa.mcenroe@morganlewis.com<br>max.bernstein@morganlewis.com<br><br>*Attorneys for Defendant ECFMG* |

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via the ECF system and email upon:

Rajan Patel
8701 Deanne Dr.
Gaithersburg, MD 20882
drpat108@gmail.com

*Plaintiff*

DATED:  November 8, 2021                              */s/ Elisa P. McEnroe*
                                                                              Elisa P. McEnroe

6