**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ) | Defendant. |
| RAJAN PATEL | |
| ) | |
| ) | |
| Plaintiffs, | |
| | |
| ) | |
| ) | |
| v. | ) |
| | Civil Action No. 2:21-cv-00546  Hon. |
| | |
| | Nitza I. Quiñones-Alejandro |
| ) | |
| ) | |
| ECFMG, | |
| | |
| | |
| | |
| ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER**
**SUPPORT OF ITS AMENDED COMPLAINT**
**DISMISS DEFENDANT'S "MOTION TO DISMISS"**

I, Rajan Patel, the plaintiff in this case, hereby move for leave of Court to file a Sur-Reply Further Support of "Plaintiff's Amended Complaint." My "rebuttal to the motion to dismiss" raised NO new factual assertions and legal arguments regarding the claims in this matter that I did not plead in my Complaint and therefore, ECFMG did have the chance to address everything in its Motion to Dismiss Plaintiff's Amended Complaint.

I respectfully submit my Sur-Reply in Support of "Plaintiff's Amended Complaint," and attached it hereto as Exhibit 1.

**WHEREFORE,** I, the plaintiff, respectfully request that the Court grant this Motion for Leave to file a Sur-Reply, deny the defendant's motion to dismiss, and order the Clerk to docket the attached Exhibit 1 as Plaintiff Rajan Patel's Sur-Reply in Support of "Plaintiff's Amended Complaint."


Dated: November 22, 2021 Respectfully submitted,

*/s/ Rajan Patel*

*drpat108@gmail.com*


## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via email upon:


Elisa P. McEnroe, PA Bar No. 206143  Max O. Bernstein, PA Bar No. 325405

MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5917
Facsimile: +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*


DATED: November 23, 2021 */s/ Rajan Patel* Rajan Patel

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

)
Defendant.

RAJAN PATEL
)
)
Plaintiffs,


)
)
v.                                                    )
Civil Action No. 2:21-cv-00546  Hon.


Nitza I. Quiñones-Alejandro
)
)
ECFMG,




)


**SUR-REPLY IN FURTHER SUPPORT OF  <ins>PLAINTIFF'S AMENDED
COMPLAINT</ins>**



## I. INTRODUCTION

Though I have given plenty of support that my allegations give rise to an actionable ADA claim, my complaint, amended complaint, rebuttal, and even su-replies have alleged facts and events. These aforementioned documents do not need to include legal support or legal explanation as to how the facts and events give rise to an actionable ADA claim. The complaint sheet must accurately depict the alleged facts and events that occurred, which it does.

My alleged complaint describes the damages incurred due to ECFMG's negligence of and breach of the ADA law, and the damages are certainly definite and have already occurred (not hypothetical). Thus, this case is ripe for disposition. Also, I have clearly stated a legally cognizable claim upon which relief may be granted. Accordingly, the Amended Complaint should NOT be dismissed.

## II. ARGUMENT

### A. This Case Is Ripe.

My allegations do not hinge on contingent, hypothetical future events. I can not choose to take and pass my remaining exam, and the only reason for this inability to do so is the fact that ECFMG has refused to grant me the reasonable accommodation that I asked for and that I am in need of. Defendant states that I am able to take the exam, which is clearly incorrect. If I were able to sit for the exam, I would have not needed to file this lawsuit. As explained in the amended complaint, without the accommodation of ECFMG granting me an exception where it makes a determination on my seven year rule extension prior to, rather than after, passing the last exam, I am simply unable to sit for the exam. I agree that it is undisputed that I have not yet taken my final exam required for certification, and no one (including myself or ECFMG) knows with certainty as to when or if I will pass it. However, that is beside the point. My legal claim, as clearly mentioned on the complaint, is that ECFMG's refusal to accommodate according to ADA law, automatically disqualifies me from even taking the exam (sitting for the exam), which is a direct loss/damage incurred upon me as a result of ECFMG's breach of the ADA law. Being unable to access and take this high stakes career related exam is essentially being unable to access and attain an education/educational credentials. Every citizen has the right to equal access to an education, which includes fair access to standardized examinations, such as the exam here in relevance (the USMLE). The damage I incurred in this case is the direct inability to sit for an exam that I otherwise would have been able to sit for if ECFMG granted me the ADA disability accommodation that I requested.

I do not seek to recover merely the damages of "not being able to "apply[] to places for employment as a physician in training" and the negative impact of having to "explain to future employers [my] time gap."" Rather, I seek to recover the damage of not being able to sit for the exam (eg. not being able to take the remaining exam). This has been clearly communicated in the amended complaint. It has been communicated in the amended complaint AND in my rebuttal to the motion to dismiss, that I seek to recover damages of not being able to take the remaining exam. My exact words on the amended complaint are: "....and I am still requesting that ECFMG grant me this accommodation as part of the relief that I am seeking in this civil action." Hence, to recover the damage of not being able to take and access the exam, I am requesting ECFMG to grant the needful accommodation of evaluating my request for extension of the seven year window prior to passing the remaining exam (only so that I can actually take the remaining exam). It is a reasonable/fair ask - it does no undue burden on ECFMG, nor does it compromise the integrity of the examination in any way. It is a matter of simply and slightly adjusting the order in which ECFMG conducts certain actions to accommodate an applicant's disability-related impairment. This is the very definition and a great example of an "accommodation" per ADA law. I have not rested my case on any contingent future event, rather an event that has already occurred, eg. the damage of NOT being able to take the exam/not being able to access the exam at all. This has been my case all along. As clearly stated on the amended complaint, the damage is the inability to access the exam (due to ECFMG breaching the ADA law, whereby it must grant a reasonable accommodation), and in order to recover/compensate for this damage, I seek ECFMG to grant this needed accommodation, which will then likely allow me to sit for the exam.


I claimed 18 months as a proposed extension at the time of filing the complaint because 18 months would be from the time my seven years were up (which was end of June 2020), as that would put me at December 2021 by which I would have to take my exam as a new deadline date.

However, I know I definitely in my prior documents and decisions have at times mentioned 3 months and 6 months. To clarify what that meant, I would need a minimum of 3 months from the time the court or ECFMG makes the decision to grant me an extension of my window, to prepare for and schedule my exam (given ECFMG can provide a new scheduling permit immediately). Depending on when that is, it could mean an extension of my seven years of various different number of months/amount of time. I have no way to control that. However my ask is reasonable and has always been determinate. I need three months from the time this court or the defendant decides to grant me an extension, to prepare for, schedule, and take the remaining exam. Note this is assuming that ECFMG immediately is able to grant me a new scheduling permit. If not, I would need three months from the time it grants me the new scheduling permit. This does not mean that the ECFMG will have given me an extension of 3 months. For example, assuming ECFMG grants me an extension whereby I need to take the exam three months from today (November 23, 2021), I would then show that to prometric and gain the ability to take the exam without a mask in the next three months (before Feb 23 2022), BUT my extension of the 7 year rule would be an extension from June 2020 to Feb 2022 (extension of 20 months). I hope that this clarifies my mention of various number of months. It was in no way meant to be an indeterminate amount of time or months. I do not fail to consider the possibility of failing the exam. But this is a hypothetical issue. In the hypothetical scenario that the defendant mentions in its recent filing: "....even if ECFMG were to grant him a preemptive exception to its Seven-Year Rule. In that case, what would happen next? Would ECFMG be required to offer him extension after extension until he finally passes? When would ECFMG's supposed liability to Plaintiff end? Plaintiff provides no answers to these questions," ECFMG can very well deny a subsequent extension. In fact at that time it would be very reasonable to deny the extension. A one time extension (due to my impairment being linked directly to the pandemic) that gives me the chance to take the exam is reasonable. My request for this is also reasonable. However, anything beyond one chance would not be a reasonable request, unless hypothetically test centers

close down again just to confirm and document the deadline/new exam 8 frame by

the ECFMG or the court. In that case, it might be reasonable for me to ask for another extension,

as it would not be my doing that would result in my inability to take the exam. However this

scenario 1) is hypothetical, and thus probably not relevant to this case, and 2) is highly unlikely to

happen given the fact that Prometric did not shut down amidst the recent delta virus outbreak.

The court can not make decisions on hypothetical scenarios. However this accommodation

certainly DOES NOT bind ECFMG to continue to grant me extensions if I were to fail the exam.

The basis in which ECFMG would be granting me this exceptions and extension would be the

fact that I did not get a full seven year window of opportunity to test (as other students got) due to

the pandemic related test center close-downs, AND after the test centers opened up, they required

wearing of masks, which I could not do and the only way I would be allowed to test is if ECFMG

provides, in writing, a new deadline in the foreseeable future by which I must take the exam to

meet my 7 year rule requirement. Granting such an extension this time does not oblige ECFMG

to continue granting me such extensions indefinitely in the hypothetical scenario that I fail the

exam.

The fact that it is unclear if I will ever pass the exam at issue, the relief that I am requesting in the

Amended Complaint is NOT indefinite. It is definite and a one time request.

Defendant states: "On the other hand, the aforementioned options ECFMG offers under

its current procedures provide Plaintiff the opportunities to either request an exception after he is

able to sit for and pass his final exam, or to simply retake any exams falling outside of seven

years, to ensure compliance with the Seven-Year Rule and to guarantee the currency of Plaintiff's

medical knowledge in furtherance of the public health." To this point, I would like to assert: I am

UNABLE to sit for the exam, that is the problem. How can I request an exception if I can not sit

for the exam? Also, to retake an exam is not a simple task. Defend states "simple retake," as if it

is a very simple act. It requires months of dedicated full-time preparation. I have already passed

that exam. To force me or even suggest me to retake it and not even give me the full seven year

of the applicant and to further public health must be fair and equally applied to all. If one applicant has the full seven years but another only gets 6.8 years (because of the pandemic causing centers to be shut for 0.2 years of those 7 years), there must be a way to fairly offset that, than to say "simply retake the exam."

Defendant states the delay in taking the exam has been caused by me, the plaintiff, my-self. However the plaintiff does not explain how that is the case. How has this problem been created by myself and imposed upon myself? I certainly did not create the mask mandate, I did not choose to have the test centers shut down (due to the pandemic) right when I was getting ready to take the exam (even scheduled a date). I did not choose to be born with Asthma. Prometric knows about the seven year policy and it has created a viable pathway for me to take the exam without a mask, but that pathway requires ECFMG's cooperation. ECFMG and prometric together administer the USMLE exam for International Medical Graduates, like myself. Note: I am a born-and-raised US citizen, and went to medical school abroad, hence am considered an IMG, and my credentialing process is handled through the ECFMG. The only way IMGs are allowed to take the USMLE exams is through an ECFMG issued scheduling permit, which is used to schedule the test at a Prometric test center. Again, ECFMG and Prometric work together. Prometric has offered an avenue to an accommodation per my disability, but ECFMG refuses to cooperate in executing this accommodation and making it possible. Hence, I filed this lawsuit against the ECFMG.

Under well-established Constitutional standards, I have brought a claim in court to remedy an injury that has already befallen me. Not all of the injuries that I allege in my Amended Complaint and opposition are theoretical, hypothetical, or indefinite, hence, this case is ripe, and this Court does have subject-matter jurisdiction over it.

**B. Plaintiff Has Stated An ADA Claim Against ECFMG.**

My claim does not appear beyond any doubt in a way that I can not prove the set of facts in support of the claim that would entitle me to relief. I have pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. I have provided much more than an unadorned, "the defendant-unlawfully-harmed-me" accusation. I have not failed at all to meet my burden here. Just because the defendant states so in the reply memorandum, does not mean it is true, especially since the defendant does not provide backing for its claim in the defense.

Title 3 of the ADA in Sec. 12189 states "....shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." Both place and manner must be accessible to persons with a disability. Here the ECFMG does NOT offer the exam to me in a manner that is accessible. ECFMG's refusal to offer the alternative accessible arrangement, where it evaluates and makes a determination on whether it will or will not grant me an extension before I take the exam (rather than after), has resulted in the continuance of my inaccessibility to the exam due to my disability. Furthermore, title 3 is not the only clause/statute in the ADA that supports my claim. Since I am a pro-se plaintiff, not an attorney by profession, I leave it up to the court to use the other statutes that lie within the ADA, the Section 504 of the Rehabilitation Act of 1973,  and the Individuals with Disabilities Education Act (IDEA) that protect disabled people who need an accommodation in order to access things like exams, education, or employment and their disability impairs them from accessing it. Please see:  https://www.ada.gov/regs2014/testing_accommodations.html, which states: "The Americans with Disabilities Act (ADA) ensures that individuals with disabilities have the opportunity to fairly compete for and pursue such opportunities by requiring testing entities to offer exams in a manner accessible to persons with disabilities. When needed testing accommodations are provided, test-takers can demonstrate their true aptitude."

If the Defendant states that the "Third Circuit has interpreted Title III to "plain[ly] mean

ever interpreted it in that way. Title III's prohibitions do apply to an organization's operations both unconnected or connected to a physical facility. A reasonable modification or accommodation can be a physical change but also a process related change. In certain situations, a process related change is what is needed in order to fairly accommodate (as in my case). Others might need a physical change, such as wheelchair accessibility etc. Contrary to the defendant's claim on the reply memorandum, my alleged facts are undoubtedly related to my inability to access an ECFMG administered examination. I have disputed and stated this fact in my earlier opposition as well. Consequently, under ADA law, assuming all of the factual content is true, my Amended Complaint does clearly state a claim upon which relief can be granted against ECFMG.

Prometric is in no way failing to provide access to a physical place to me as the test center. In fact, Prometric is abiding by the law and public safety protocol by strictly mandating masks. Furthermore, Prometric has provided an avenue for me to be able to access the physical space, but it requires ECFMG's cooperation. ECFMG and Prometric administer the exam together, and hence should cooperate with each other when granting reasonable modification and accommodation to test-takers. Here, ECFMG is not doing its part in granting a reasonable modification/accommodation. ECFMG is liable for my inaccessibility to the exam that is to be taken at Prometric. The ADA does support my claim for liability against the one entity (ECFMG) for its own failure to provide an  accommodation. The failure to accommodate is NOT by Prometric, but rather by ECFMG. ECFMG's accommodation would allow me to access the exam at a Prometric site. But without the aforementioned accommodation/modification by ECFMG, Prometric is not failing to accommodate or breaching any law. In fact, by not allowing me to sit for the exam without wearing a mask, it is following the law and protecting public safety. By requesting a compelling reason (such as the request to ECFMG to provide this exception), it is maintaining strict processes in place that protects public safety but also reasonably provides access to the exam with exceptions on a case by case basis. In my case, Prometric requires that

ECFMG also cooperates by granting the modification that is aforementioned. Prometric knows about all of ECFMG's policies, and it works together with ECFMG to administer the USMLE exam to students and test-takers. Knowing where I stand in the ECFMG certification process, Prometric has thoughtfully decided that it can grant me access to the exam space without wearing a mask as long there is the compelling reason of my new extended ECFMG deadline, to maintain eligibility of certification without having to retake an exam, is coming near (with a new concrete date in the foreseeable future, officially issued by ECFMG). In the current manner that ECFMG administers the USMLE exam, it is not accessible to me. Hence I am seeking the appropriate accommodation that does make the exam accessible, but ECFMG refuses to provide this accommodation of evaluating my request for extension of the 7 year rule prior to passing the last remaining exam. The Defendant's belief that there is no legal authority for what I am alleging, does not make it so. Therefore, my amended complaint should not be dismissed, and I should be given my right to exercise a fair trial.

## III. CONCLUSION

For the foregoing reasons, and those stated in Plaintiff's Amended Complaint and rebuttal to the motion to dismiss, I the Plaintiff respectfully request that the Court deny the Defendant's Motion to Dismiss Plaintiff's Amended Complaint. The case is ripe, and the Amended Complaint does establish claims upon which relief may be granted.

Dated: November 23, 2021 Respectfully submitted,

*/s/ Rajan Patel*
drpat108@gmail.com

*Plaintiff*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing

document to be served via email upon:

MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5917
Facsimile: +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

DATED: November 23, 2021 */s/ Rajan Patel*     **Rajan Patel**