IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAJAN PATEL
)
)
Plaintiffs,

)
)
)                                                Defendant.
)
)
v.



)
)
ECFMG,
)
Civil Action No. 2:21-cv-00546  Hon.

Nitza I. Quiñones-Alejandro


Dear Clerk of Court and Honorable Judge,

Regarding: Case 2:21-cv-00546-NIQA

Please file the below excerpt as an "addition" to my previous filing as it relates to my stance about the defendant's wrongful claim that the statutes in question "do not apply to them," as they stated.

https://www.ada.gov/nbme.htm
https://www.ada.gov/regs2014/testing_accommodations.html

Title III of the ADA does apply to the ECFMG. Please read the above links in its entirety. It is very evident that ECFMG indeed is an entity to which

Title III does apply, as I mentioned throughout my complaint in this litigation. In addition, one of the above links is a settlement between the US Department of Justice and the NBME on a VERY similar issue: https://www.ada.gov/nbme.htm. NOTE, ECFMG acts as the NBME for International Medical Graduates, such as myself. Their functions are very similar in nature and in some regards the same (just with International Medical Graduates vs. US Medical School Graduates).
The request that ECFMG provides a letter with a decision regarding my seven year rule extension application prior to me finishing the last exam, as requested by Prometric, is indeed REASONABLE.

ECFMG's denial of the letter and refusal to accommodate as I requested and as Prometric requested, represents ECFMG's failure to reasonably accommodate, and this failure originates with the ECFMG only.

The damage I am suffering as a result of ECFMG's failure is not being able to access an exam that is fundamental to my education and career, which others are able to access. This damage is not hypothetical, it has already happened as I am unable to take the exam.


Best,

Sincerely,

Rajan Patel /s/
Pro-se Plaintiff of this case