# Morgan Lewis

**Elisa P. McEnroe**
Partner
+1.215.963.5917
elisa.mcenroe@morganlewis.com

March 3, 2022

**VIA ECF**

The Honorable Nitza I. Quiñones Alejandro
The United States District Court for the
Eastern District of Pennsylvania
601 Market Street, Courtroom 8-B
Philadelphia, PA 19106

Re:   Rajan Patel v. ECFMG,
      Case No. 21-cv-00546-NIQA

Dear Judge Quiñones Alejandro:

We represent Defendant ECFMG[1] in the above-referenced matter. We write to respond to Plaintiff's "addition" to his "previous filing," filed on the docket on February 27, 2022.[2] ECF 36.

In Plaintiff's letter, he brings to the Court's attention two sources (both of which were taken from ADA.gov and are at least seven years old) that he believes demonstrate that he has stated a claim sufficient to defeat ECFMG's pending Motion to Dismiss the Amended Complaint (ECF 26). However, upon examination, it becomes clear that neither of the sources Plaintiff cites actually supports his position.

The first link Plaintiff provides is to guidance, published in 2014, regarding accommodations testing entities must make for individuals taking standardized tests. The second relates to a settlement the DOJ reached with the National Board of Medical Examiners ("NBME") related to the latter's refusal to grant testing accommodations to a dyslexic applicant taking an exam (under the settlement, the NBME was to allow the applicant double time and provide an isolated area for testing).

---

[1] As explained in previous filings, Plaintiff named "ECFMG" as the defendant in this action. ECFMG's full, legal name is the Educational Commission for Foreign Medical Graduates. However, for ease of reference, Defendant will refer to itself as "ECFMG."

[2] For the Court's convenience, we are responding in the same manner in which Plaintiff raised his arguments—in letter form. If the Court would like ECFMG to file its substantive response to Plaintiff's letter as a brief, ECFMG is happy to do so.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921      T +1.215.963.5000
United States                     F +1.215.963.5001

The Honorable Nitza I. Quiñones Alejandro
March 3, 2022
Page 2

As explained in ECFMG's prior briefing on its motion to dismiss, the Third Circuit interprets Title III of the ADA to "plain[ly] mean []" that "a public accommodation is a place" and, therefore, that Title III's prohibitions do not apply to "an organization's operations unconnected to any physical facility." *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612-13 (3d Cir. 1998).  The sources cited in Plaintiff's letter do not disprove that argument—rather, they bolster it, emphasizing that the entities to whom Plaintiff needed to apply for accommodations are those administering his exam—namely, the NBME or the testing facility, Prometric.  Because ECFMG is not one of those entities, Dr. Patel cannot state a claim against ECFMG under Title III.

Thank you very much for your attention to this matter.


Respectfully submitted,

*/s/ Elisa P. McEnroe*

Elisa P. McEnroe

cc:     Max O. Bernstein, Esq.
        Rajan Patel (via email)