IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAJAN PATEL** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 21-0546** |
| **v.** | : | |
| | : | |
| **ECFMG** | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 30th day of September 2022, upon consideration of Plaintiff's letter request to place this matter under seal, [ECF 45], to which no response has been filed, it is hereby **ORDERED** that the request is **DENIED**.[1]

---

[1] By Memorandum Opinion and Order dated April 8, 2022, this Court dismissed Plaintiff Rajan Patel's ("Plaintiff") claims against Defendant and ordered the matter closed. [ECF 38, 39]. Thereafter, Plaintiff appealed the decision to the United States Court of Appeals for the Third Circuit (the "Third Circuit"), [ECF 40], where the matter remains pending. Plaintiff now requests that this Court place this matter under seal. [ECF 45].

"There is a presumption of access to judicial records." *Hart v. Tannery*, 461 F. App'x 79, 81 (3d Cir. 2012) (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). When considering a motion to seal, courts "employ a 'balancing process' to determine whether good cause exists." *Aponte v. Pa. State Police*, 2005 WL 8168054, at *1 (M.D. Pa. Dec. 6, 2005) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). In *Pansy*, the Third Circuit identified factors for district courts to consider whether there exists good cause for sealing a case. *Pansy*, 23 F.3d at 787. The factors that weigh in favor of granting a request to seal include "an interest in privacy, potential for embarrassment, and information sought for improper purpose." *Aponte*, 2005 WL 8168054, at *1 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). Factors that weigh in favor of disclosure include "the promotion of 'fairness and efficiency' and the possibility that the issues are 'important to the public' or concern 'public health and safety.'" *Id.* (quoting *Glenmede Trust*, 56 F.3d at 483). Importantly, the party seeking the seal bears the burden of demonstrating that these factors weigh in their favor. *See id.* (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070–71 (3d Cir. 1984)).

Plaintiff contends that this matter should be sealed because the filings include details regarding his medical conditions. Under the present circumstances, this Court finds the factors discussed in *Pansy* weigh against granting Plaintiff's request. *See* 23 F.3d at 787–88. Notably, Plaintiff commenced this civil action pursuant to the Americans with Disabilities Act and the Equal Educational Opportunity Act, which inherently involved allegations related to his medical conditions. At no time during the fourteen

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

months that this matter was actively litigated did Plaintiff seek to seal any docket entry. Only now—four months after this case was dismissed and while it is currently on appeal—does Plaintiff seek to do so. That ship has sailed. Furthermore, beyond his bald contention that the information contained in this matter—which he provided—"may create situations of unfair treatment, embarrassment, and breach of privacy," Plaintiff provides no support for his untimely request to seal. As such, Plaintiff has not met his burden of demonstrating that his privacy concerns outweigh the presumption of public access. *See In re Cendant Corp.*, 260 F.3d at 194. The request is, therefore, denied.