NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1651
_____

RAJAN PATEL,
                              Appellant

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00546)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2022
Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: May 10, 2023)
_____

OPINION*
_____

PER CURIAM

Rajan Patel appeals pro se from an order of the District Court dismissing his amended complaint for failure to state a claim on which relief may be granted.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Patel is an international medical school graduate ("IMG") who is seeking to apply to medical residency programs in the United States. The Educational Commission for Foreign Medical Graduates ("ECFMG") is a private, non-profit organization that is authorized to certify IMGs as eligible to apply for medical residency programs in the United States. The certification process involves taking and passing three examinations within a seven-year period. These exams are administered at third-party testing centers. When Patel, who alleges that he suffers from asthma and is under the care of a pulmonologist, sought to sit for his third exam, he requested an accommodation to the testing center's COVID-19 mask requirement based on his medical conditions. He avers that the testing center informed him that it would grant him an accommodation only if ECFMG provided notice that it would waive its seven-year requirement, which had lapsed as to Patel while testing centers were closed due to the COVID-19 pandemic. ECFMG refused to grant Patel a prospective exception to the seven-year requirement and advised him that it would consider an exception once he passed the exam.

Patel subsequently filed a pro se complaint against ECFMG, which he later amended to allege violations of the Americans with Disabilities Act ("ADA") and the Equal Educational Opportunities Act ("EEOA"). ECFMG moved to dismiss the complaint on the bases that the case was not ripe and that the complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The District Court concluded that Patel's claims were ripe for adjudication but dismissed the amended complaint for failure to state a claim. Specifically, the District Court determined that Patel's EEOA claim

2

failed because ECFMG is not a state or local educational agency, and that his ADA claim failed because ECFMG is not the owner or operator of a physical place and is therefore not subject to Title III of the ADA. Patel timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a defendant's Rule 12(b)(6) motion. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiff[], and all inferences must be drawn in favor of [him]." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks and citation omitted). We are mindful of our obligation to construe Patel's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

First, to the extent that Patel has not forfeited a challenge to the District Court's dismissal of his EEOA claim, we agree with the dismissal because ECFMG is not a state actor or a local educational agency. See 20 U.S.C. § 1703; Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131-32 (3d Cir. 2017).

We disagree, however, with the District Court's conclusion that Article III of the ADA does not apply to ECFMG because it does not own, lease, or operate a physical place of public accommodation within the meaning of section 302 of the ADA. See 42

3

U.S.C. § 12182.[1]  In ending its inquiry at section 302, the District Court failed to consider section 309 of the ADA, which provides that "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals."  42 U.S.C. § 12189.  This Court has held that, in the context of ADA claims involving examinations, courts must apply the more specific section 309, rather than the general provisions of section 302.  See Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 154-55 (3d Cir. 1999).  The District Court therefore erred in dismissing Patel's amended complaint pursuant to section 302 of the ADA.

Accordingly, we will vacate the District Court's order to the extent that it dismissed Patel's ADA claim against ECFMG.  We will otherwise affirm the District Court's ruling.[2]  This matter is remanded for further proceedings consistent with this opinion.

---

[1] ECFMG contends in its brief that Patel has forfeited any challenge to the District Court's ruling by failing to adequately address it in his brief.  Construing Patel's brief broadly, as we must, we find that he sufficiently presented the issue on appeal.

[2] We deny Patel's motion to seal the documents filed in this Court because they disclose that he requested an accommodation for a disability.  Patel had to show that "the interest in secrecy outweigh[ed] the presumption" under common law that "the public has a right of access to judicial [records]."  In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) (quotation marks and citation omitted).  He needed to establish, among other things, "that disclosure will work a clearly defined and serious injury to the party seeking closure."  Id. (quotation marks omitted).  Patel failed to make this showing, as his filings do not include detailed or sensitive medical information, his

Case 22-1054, Document 32-2, Page: 5, Date Filed: 06/13/2023



medical conditions are at issue in this case, and he has not established the requisite injury.