# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAJAN PATEL** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 21-0546** |
| **v.** | : | |
| | : | |
| **ECFMG** | : | |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 21st day of June 2023, consistent with the judgment of the United States Court of Appeals for the Third Circuit (the "Third Circuit") which remanded this matter for further proceedings, [ECF 48], it is hereby **ORDERED** that Defendant ECFMG shall file an answer to Plaintiff Rajan Patel's amended complaint, [ECF 25], by no later than July 5, 2023.[1]

---

[1] Plaintiff Rajan Patel ("Plaintiff"), proceeding *pro se*, brought claims against the Educational Commission for Foreign Medical Graduates ("Defendant") pursuant to Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Equal Educational Opportunity Act, 20 U.S.C. § 1701 *et seq.*, claiming that Defendant's alleged failure to accommodate his disability has resulted in his continued inability to sit for a required licensing examination needed to practice medicine in the United States. [ECF 25]. Defendant moved to dismiss the amended complaint, arguing that (1) the claim was directed at the wrong entity and (2) the claim did not involve Plaintiff's inability to access a physical place of public accommodation. [ECF 26]. By Order and accompanying Memorandum Opinion dated April 8, 2022, this Court granted Defendant's motion to dismiss Plaintiff's claims. Though this Court rejected Defendant's first argument, finding that the claim was not directed at the wrong entity, it dismissed the claim on the basis that Title III of the ADA, specifically Section 302 of the ADA, did not apply to Defendant because it does not own, lease, or operate a physical place of public accommodation. [ECF 38, 39].

Plaintiff filed an appeal to Third Circuit. [ECF 40]. On May 10, 2023, a panel of the Third Circuit affirmed this Court's decision, *in part*, but vacated the decision to dismiss Plaintiff's claim under Title III of the ADA and remanded the matter for further proceedings. Specifically, the panel concluded that this Court had failed to consider § 309 of the ADA when it determined that Title III of the ADA did not apply to Defendant because it does not own, lease, or operate a physical place of public accommodation.

Section 309 of the ADA provides: "Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. Plaintiff, who claims he has a disability, requested an accommodation to take a required licensing

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

examination needed to practice medicine in the United States.  Clearly, Defendant falls within the purview of § 309 based on the allegations in Plaintiff's amended complaint.  As such, Defendant's argument that the ADA does not apply to it because it does not own, lease, or operate a physical place is misplaced.  For the foregoing reasons, Plaintiff's ADA claim shall proceed.