IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAJAN PATEL, <br><br> Plaintiff, <br><br> v. <br><br> ECFMG, <br><br> Defendant. | Civil Action No. 2:21-cv-00546 <br><br> Hon. Nitza I. Quiñones-Alejandro |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION AND TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Dated: July 5, 2023

Elisa P. McEnroe, PA Bar No. 206143
Max O. Bernstein, PA Bar No. 325405
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:    +1.215.963.5917
Facsimile:     +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

## TABLE OF CONTENTS

                                                                                                                                                      **Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   BACKGROUND .................................................................................................................. 2

III.  ARGUMENT ....................................................................................................................... 5

        A.    The Court should reconsider the June 22 Order and decide the sufficiency
             of the Amended Complaint based on briefing from the parties. ............................. 5

        B.    Plaintiff's claim under Section 309 of the ADA should be dismissed
             because ECFMG does not "offer[]" the USMLE. ................................................... 6

IV.  CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Acosta v. Cent. Laundry, Inc.*,
　273 F. Supp. 3d 553 (E.D. Pa. 2017) ....................................................................................... 5

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................ 6, 7

*Berger v. Nat'l Bd. of Med. Examiners*,
　No. 1:19-CV-99, 2019 WL 4040576 (S.D. Ohio Aug. 27, 2019) ............................................ 9

*Binno v. American Bar Association*,
　826 F.3d 338 (6th Cir. 2016) ................................................................................................... 7

*Byers v. Intuit, Inc.*,
　No. 07-4753, 2009 WL 948651 (E.D. Pa. Mar. 18, 2009) ....................................................... 2

*Doe v. National Board of Medical Examiners,*
　199 F.3d 146 (3d Cir. 1999) .................................................................................................... 8

*Ferrell v. Howard Univ.*,
　No. 98-1009 DAR, 1999 WL 1290834 (D.D.C. Dec. 2, 1999) ................................................ 9

*Fowler v. UPMC Shadyside*,
　578 F.3d 203 (3d Cir. 2009) ................................................................................................ 2, 6

*Grayson v. Mayview State Hosp.*,
　293 F.3d 103 (3d Cir. 2002) .................................................................................................. 10

*Harsco Corp. v. Zlotnicki*,
　779 F.2d 906 (3d Cir. 1985) .................................................................................................... 5

*Katz v. Nat'l Bd. of Med. Examiners*,
　No. 3:15-CV-01187, 2016 WL 8222071 (M.D. Pa. Nov. 30, 2016) ........................................ 9

*Mahmood v. Nat'l Bd. of Med. Examiners*,
　No. CIV.A. 12-1544, 2013 WL 553085 (E.D. Pa. Feb. 14, 2013) ........................................... 9

*Max's Seafood Café v. Quinteros*,
　176 F.3d 669 (3d Cir. 1999) .................................................................................................... 5

*Plasko v. City of Pottsville*,
　852 F. Supp. 1258 (E.D. Pa. 1994) .......................................................................................... 6

*Porch v. Univ. of Ill. at Chi., Sch. of Med.*,
  No. 21-CV-3848, 2022 WL 3082353 (N.D. Ill. Aug. 3, 2022) ..................................................9

*Ramsay v. Nat'l Bd. of Med. Examiners*,
  968 F.3d 251 (3d Cir. 2020) ...................................................................................................9

*Romero v. Allstate Ins. Co.*,
  170 F. Supp. 3d 779 (E.D. Pa. 2016) ......................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ................................................................................................................2

*Thomas v. NBME-Nat'l Bd. of Med. Examiners*,
  No. CIV.A. 13-3946, 2015 WL 667077 (E.D. Pa. Feb. 13, 2015) ..........................................9

*Winer Fam. Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) ....................................................................................................2

**Statutes**

Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* .............................................. *passim*

Equal Educational Opportunity Act, 20 U.S.C. §§ 1701 *et seq.* .......................................................3

**Other Authorities**

Fed. R. Civ. P. 8 ...............................................................................................................................7

*Test Accommodations*, USMLE, https://www.usmle.org/step-exams/test-
  accommodations (last visited July 5, 2023) .....................................................................2, 3, 8

I.      **INTRODUCTION**

In 2022, this Court dismissed Plaintiff Rajan Patel's claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, because the accommodation he sought with respect to the United States Medical Licensing Examination ("USMLE") did not relate to a physical space owned, leased, or operated by Defendant ECFMG[1] and therefore was not covered by Section 302 of the ADA.  On appeal, a Third Circuit panel vacated that decision, holding that the claim was governed by Section 309 of the ADA (concerning the offering of examinations specifically) and that this Court erred by considering Plaintiff's ADA claim only under Section 30**2** of the ADA (concerning public accommodations more generally).  Rather than analyze the legal sufficiency of Appellant's claim under Section 309, the Third Circuit panel remanded the case for further proceedings.  On June 22, 2023—without any briefing about Section 309 of the ADA—this Court *sua sponte* entered a footnoted Order concluding that ECFMG "falls within the purview of § 309 based on the allegations in Plaintiff's amended complaint" and directing ECFMG to answer the Amended Complaint by July 5, 2023.  ECF 49.

The Court should reconsider the June 22 Order and dismiss the Amended Complaint because the Amended Complaint fails to state a claim under Section 309 of the ADA.  Section 309 imposes obligations on "[a]ny person that **offers examinations or courses** related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes[.]"  42 U.S.C. § 12189.  But ECFMG does **not** "offer[]" the USMLE and therefore cannot be liable under Section 309 for another party's failure to provide an accommodation relating to that

---

[1] Plaintiff named "ECFMG" as the defendant in this action.  At the time this case was filed, ECFMG's full legal name was the "Educational Commission for Foreign Medical Graduates," but since that time, it filed restated articles of incorporation in which its name changed to "Intealth." For ease of reference, Defendant will refer to itself as "ECFMG" for the purposes of this Motion.

1

examination. The June 22 Order stating that Section 309 imposes obligations on ECFMG was entered without the benefit of briefing from the parties analyzing the allegations of the Amended Complaint or case law from the Third Circuit (and beyond) confirming that ECFMG does not "offer[]" the USMLE. Accordingly, it is respectfully submitted that this Court should reconsider the June 22 Order and dismiss Plaintiff's Amended Complaint for failure to state a claim.

## II.     BACKGROUND[2]

The United States Medical Licensing Examination ("USMLE") is a multistep test that United States medical graduates and international medical graduates ("IMGs") must pass to pursue graduate medical education in the United States. *See* Ex. A at 28. The USMLE is sponsored by the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB"). *Id.*; *see also Test Accommodations*, USMLE, https://www.usmle.org/step-exams/test-accommodations (last visited July 5, 2023) ("The United States Medical Licensing Examination® (USMLE®) is a joint program of the FSMB and NBME."). The exam is administered by a third-party testing company called Prometric at Prometric's testing centers around the world. Ex. A at 29, 60; *see also* April 7, 2022 Opinion ("Op."), ECF 38, at 1.

---

[2] In ruling on a motion to dismiss, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Accordingly, the "Background" set forth herein assumes the truth of Plaintiff's "well-pleaded facts" and does not accept as true the allegations in the Amended Complaint that constitute no more than "legal conclusions."

Moreover, in deciding motions to dismiss, courts generally consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Winer Fam. Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see Byers v. Intuit, Inc.*, No. 07-4753, 2009 WL 948651, at *2 (E.D. Pa. Mar. 18, 2009) ("When allegations in a complaint are contradicted by the materials appended to or referenced in the complaint, 'the document controls and the court need not accept as true the allegations of the complaint.'" (citations omitted)). Pursuant to this standard, attached as Exhibit A is the ECFMG 2020 Information Booklet, which is explained in (albeit not attached to) the Amended Complaint.

During the COVID-19 pandemic, Prometric began requiring test takers to wear masks when sitting for the USMLE. Am. Compl. at 1. Plaintiff alleges that he is an IMG who wishes to take the USMLE but cannot because his asthma prevents him from complying with Prometric's mask requirement. *Id.*

Plaintiff contends that requiring him to wear a mask during the USMLE violates the ADA.[3] But rather than request a testing accommodation from USMLE[4] or sue the test administrator responsible for the mask requirement (Prometric) or sue the USMLE's sponsors (NBME or FSMB), Plaintiff sued ECFMG, a non-profit corporation that issues certificates to IMGs indicating they have met certain minimum criteria to enter graduate medical education in the United States, including that they passed part of the USMLE and satisfied certain other requirements. Ex. A at 3–5. Graduate medical education programs and state licensing boards, among others, require that IMGs be ECFMG certified to ensure that their clinical skills and knowledge are sufficient to commence graduate medical education.

To ensure that IMGs' clinical skills and knowledge are sufficiently **current** to begin graduate medical education, ECFMG mandates as part of its certification requirements that IMGs pass Step 1 and Step 2 of the USMLE within a seven-year period. Am. Compl. at 2. If an IMG does not pass Step 1 and Step 2 of the USMLE within a seven-year period, the earliest passing score becomes invalid, and the IMG may either (1) request an exception to the seven-year rule after completing the remainder of Step 1 and Step 2 of the USMLE (i.e., to have the invalid score

---

[3] Plaintiff further contends that requiring him to wear a mask during the USMLE also violates the Equal Educational Opportunity Act ("EEOA"), 20 U.S.C. §§ 1701 *et seq.* This Court dismissed Plaintiff's EEOA claim. *See* Op. 10–11. The Third Circuit affirmed. *See* ECF 48-1 at 3–4.

[4] *See Test Accommodations*, USMLE, https://www.usmle.org/step-exams/test-accommodations (last visited July 5, 2023).

3

count toward certification), or (2) comply with the seven-year rule by retaking the previously passed exam to replace the invalid score.  Ex. A at 21.

Plaintiff claims he was unable to complete the last of his required exams within a seven-year period because of the mask requirement, but Prometric supposedly suggested he could take the USMLE without a mask if he provided written proof that ECFMG would grant him a prospective exception to its seven-year requirement.  *Id.*  Consistent with established policies, ECFMG declined to grant such a prospective, open-ended exception to its rule, *id.* at 4, but Plaintiff could still secure ECFMG certification by (1) seeking an exception to the seven-year rule after completing Step 1 and Step 2 of the USMLE, or (2) complying with the seven-year rule by retaking his previously passed exams and securing passing scores to replace any scores that became invalid.

Proceeding *pro se*, Plaintiff sued ECFMG under the ADA.  Construing the Amended Complaint in the light most favorable to Plaintiff, it appears to seek two accommodations: an exception to Prometric's mask requirement, and an exception to ECFMG's seven-year requirement.

This Court dismissed Plaintiff's ADA claim with prejudice.  *See* Op. at 11; Order, ECF 39. The Court explained that the ADA prohibits discrimination on the basis of disability in places of public accommodation "by the public accommodation's owner, lessor or operator," Op. 9, and held that Plaintiff fails to state an ADA claim against ECFMG because ECFMG does not own, lease, or operate the USMLE testing locations at issue, *id.* at 10.

The Court further noted that "it is *Prometric* that has impeded Plaintiff's access to a test center to sit for [the USMLE] by refusing an accommodation for his disability and by making the disability accommodation conditional" on ECFMG granting an exception to its seven-year requirement.  *Id.*  The Court therefore ruled that Plaintiff's ADA claim failed because ECFMG

4

cannot be liable (1) "for another entity's purported failure to provide an accommodation under the ADA," or (2) "for its refusal to grant Plaintiff a prospective exception to the Seven-Year Rule under its guidelines." *Id.*

On appeal, a Third Circuit panel issued a *per curiam* decision vacating this Court's Order to the extent it dismissed Plaintiff's ADA claim. *See* ECF 48-1. The panel concluded that the Court erred in dismissing the ADA claim pursuant to Section 302 of the ADA because the claim involves "examinations" and is therefore properly governed by Section 309 of the ADA, which imposes obligations on "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes[.]" *Id.* at 4 (quoting 42 U.S.C. § 12189). The Third Circuit panel did not decide whether Plaintiff has actually stated a claim against ECFMG under Section 309.

On remand, before any party had an opportunity to brief the issue, the Court *sua sponte* entered a footnoted Order concluding that ECFMG "falls within the purview of § 309 based on the allegations in Plaintiff's amended complaint" and directing ECFMG to answer the Amended Complaint by July 5, 2023. ECF 49.

### III.     ARGUMENT

**A.     The Court should reconsider the June 22 Order and decide the sufficiency of the Amended Complaint based on briefing from the parties.**

Reconsideration is appropriate when, *inter alia*, there is a "need to correct a clear error of law or fact or to prevent manifest injustice." *Romero v. Allstate Ins. Co.*, 170 F. Supp. 3d 779, 783 (E.D. Pa. 2016) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Acosta v. Cent. Laundry, Inc.*, 273 F. Supp. 3d 553, 555 (E.D. Pa. 2017) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

5

Here, as explained more fully below, the Court committed a clear error of law when it concluded that ECFMG "falls within the purview of § 309 based on the allegations in Plaintiff's amended complaint." ECF 49 at 2. The Court reached that conclusion in its footnoted June 22 Order *sua sponte*—without any briefing on whether the Amended Complaint states a claim under Section 309 or whether ECFMG "offers" (or is alleged to "offer[]") the USMLE, as is required to state a claim under Section 309. As explained below, ECFMG does not (and is not alleged to) "offer[]" the USMLE in a manner sufficient to state a claim under Section 309 of the ADA. And the Court's conclusion to the contrary goes against the great weight of authority from the Third Circuit (and beyond) recognizing that in connection with the USMLE, Section 309 imposes obligations only on entities **other** than ECFMG.

Accordingly, the Court should reconsider the June 22 Order and—as is further described below—hold that ECFMG does not "offer[]" the USMLE and dismiss the Amended Complaint for failure to state a claim.[5]

### B. Plaintiff's claim under Section 309 of the ADA should be dismissed because ECFMG does not "offer[]" the USMLE.

The Amended Complaint should be dismissed because ECFMG does not "offer[]" the USMLE and therefore cannot be liable under Section 309 of the ADA.[6]

---

[5] Out of an abundance of caution and in deference to this Court's Order, in case the Court denies reconsideration, ECFMG respectfully requests that its proposed Answer to the Amended Complaint, attached as Exhibit B, be deemed filed as of the date of this filing.

[6] To decide a motion to dismiss, the Court must conduct a two-part analysis. *Fowler*, 578 F.3d at 210. First, the Court must accept Plaintiff's well-pleaded factual allegations as true, and disregard legal conclusions or mere recitations of the elements. *Id.* at 210–11. Second, the Court must determine whether the facts alleged make out a "plausible" claim for relief. *Id.* at 211. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Plasko v. City of Pottsville*, 852 F. Supp. 1258, 1261 (E.D. Pa. 1994) ("Conclusory allegations are not acceptable . . . where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts

Section 309 imposes obligations on "[a]ny person that **offers examinations or courses** related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes[.]" 42 U.S.C. § 12189 (emphasis added). Accordingly, Plaintiff can only state a claim against ECFMG under Section 309 if there are well-pleaded allegations that ECFMG "offers" the USMLE.

In *Binno v. American Bar Association*, the United States Court of Appeals for the Sixth Circuit examined what it means to "offer" an exam for purposes of Section 309. *See* 826 F.3d 338, 346–48 (6th Cir. 2016). There, a blind law school applicant sued the American Bar Association ("ABA"), alleging he was not provided sufficient accommodation while taking the LSAT exam. *Id.* at 341. The applicant claimed that the ABA "offers" the LSAT because the ABA mandates that the LSAT be used in law school admissions. *Id.* at 346. The court disagreed, explaining that even though the term "offer" is not defined in the ADA, "the context indicates that an entity that 'offers examinations' under [Section 309] must be able to provide an accessible 'place and manner' for administration of the tests, or arrange for alternative, accessible accommodations." *Id.* Applying that standard, the ABA did not "offer" the LSAT, as the entity that "developed the content and format of the examination in question and had the actual ability to influence the manner and administration of the exam" was the National Conference of Bar Examiners. *Id.* at 347–48.

Here, the materials before the Court make clear that **ECFMG does not "offer[]" the USMLE**. Prometric administers the USMLE and is responsible for its policies about the testing centers where Plaintiff would sit for the exam. *See* Am. Compl. at 1; Ex. A at 29, 60; *see also* Op. at 2 ("Prometric is a private company that administers the three exams required for certification.").

themselves."). The pleading standard of Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

7

The NBME and the FSMB sponsor the USMLE. *See* Ex. A at 28; *see also Test Accommodations*, USMLE, https://www.usmle.org/step-exams/test-accommodations (last visited July 5, 2023) ("The United States Medical Licensing Examination® (USMLE®) is a joint program of the FSMB and NBME."). Requests for test accommodations can be submitted for their consideration through the USMLE. *See Test Accommodations*, USMLE, https://www.usmle.org/step-exams/test-accommodations (last visited July 5, 2023).

There are no well-pleaded allegations that ECFMG "offers" or is able to provide an accessible "place and manner" for the administration of the USMLE. At most, it is alleged that passage of certain components of the USMLE is a requirement for ECFMG certification, but that is not the same as offering the USMLE. Just as the ABA did not "offer[]" the LSAT despite mandating the consideration of LSAT scores in law-school admissions, ECFMG does not "offer[]" the USMLE despite requiring its passage before certification. Moreover, if merely considering exam results were sufficient to trigger Section 309 of the ADA, then any institution that considers USMLE results—including the graduate medical institutions evaluating IMGs' ECFMG certification when making admissions decisions—would be deemed to "offer[]" the USMLE. That would lead to the absurd result of requiring parties to provide accommodations even though they have no ability to provide accommodations (as is true of ECFMG).

The Third Circuit has repeatedly acknowledged that the USMLE is "offer[ed]" by entities other than ECFMG. For example, in *Doe v. National Board of Medical Examiners*—the case the Third Circuit panel cited for the proposition that Section 309 applies to Plaintiff's ADA claim—a medical student with multiple sclerosis alleged that the NBME violated Title III of the ADA by annotating his scores on the USMLE to note that an accommodation had been provided on account of disability. 199 F.3d 146, 149 (3d Cir. 1999). On appeal, the Third Circuit recognized that the

8

entities that "offer[]" the USMLE for purposes of Section 309 are "NBME, together with the Federation of State Medical Boards of the United States, Inc." *Id.*

*Doe* is not alone. Myriad decisions from the Third Circuit, this Court, and others involving Section 309 have recognized that the USMLE is offered by the NBME and the FSMB, not ECFMG. *See Ramsay v. Nat'l Bd. of Med. Examiners*, 968 F.3d 251, 254 (3d Cir. 2020) ("The [NBME] administers the United States Medical Licensing Examination ('USMLE')."); *Katz v. Nat'l Bd. of Med. Examiners*, No. 3:15-CV-01187, 2016 WL 8222071, at *1 (M.D. Pa. Nov. 30, 2016) (describing USMLE as "owned and administered by the NBME and FSMB"), *report and recommendation adopted*, No. 3:15-CV-1187, 2017 WL 515006 (M.D. Pa. Feb. 7, 2017), *aff'd*, 751 F. App'x 231 (3d Cir. 2018) (per curiam); *see also Thomas v. NBME-Nat'l Bd. of Med. Examiners*, No. CIV.A. 13-3946, 2015 WL 667077, at *1 (E.D. Pa. Feb. 13, 2015) ("The USMLE is sponsored by Defendant National Board of Medical Examiners ('NMBE') and a non-party to this litigation, the Federation of State Medical Boards ('FSMB')."); *Mahmood v. Nat'l Bd. of Med. Examiners*, No. CIV.A. 12-1544, 2013 WL 553085, at *1 (E.D. Pa. Feb. 14, 2013) (noting that Section 309 "requires NBME to offer its exam" in a certain manner to persons with disabilities); *Porch v. Univ. of Ill. at Chi., Sch. of Med.*, No. 21-CV-3848, 2022 WL 3082353, at *2 (N.D. Ill. Aug. 3, 2022) ("The USMLE is sponsored by the Federation of State Medical Boards (FSMB) and the National Board of Medical Examiners (NBME)."); *Berger v. Nat'l Bd. of Med. Examiners*, No. 1:19-CV-99, 2019 WL 4040576, at *1 (S.D. Ohio Aug. 27, 2019) ("The NBME is a not-for-profit organization that administers the USMLE together with the Federation of State Medical Boards."); *Ferrell v. Howard Univ.*, No. 98-1009 DAR, 1999 WL 1290834, at *7 (D.D.C. Dec. 2, 1999) ("It is thus obvious that the NBME . . . is the entity which determines who will receive accommodations while taking the

USMLE, and that the NBME is the entity which administers the examination and implements the accommodations.").

The record before the Court—and ample case law from this Court and others—confirms that Plaintiff does not (and cannot) allege that ECFMG "offers" the USMLE within the meaning of Section 309 of the ADA.  Accordingly, as a matter of law, Section 309 imposes no obligations on ECFMG, and Plaintiff fails to state a claim for relief against ECFMG under Section 309 of the ADA.

## IV. CONCLUSION

For the foregoing reasons, ECFMG respectfully requests that that the Court reconsider the June 22 Order and dismiss the Amended Complaint for failure to state a claim.  Because the defects in the Amended Complaint cannot be cured by amendment, ECFMG asks that the dismissal be with prejudice.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Dated:  July 5, 2023

Respectfully submitted,

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Max O. Bernstein, PA Bar No. 325405
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via the ECF system and email upon:

Rajan Patel
8701 Deanne Dr.
Gaithersburg, MD 20882
drpat108@gmail.com

*Plaintiff*


DATED: July 5, 2023                          */s/ Elisa P. McEnroe*
                                             Elisa P. McEnroe