# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAJAN PATEL, | ) |
| Plaintiff, | ) ) ) Civil Action No. 2:21-cv-00546 |
| v. | ) ) |
| ECFMG, | ) Hon. Nitza I. Quiñones-Alejandro ) ) |
| Defendant. | ) ) |

**ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant ECFMG,[1] by and through its undersigned counsel, hereby answers the Amended Complaint (the "Complaint") filed by *pro se* Plaintiff Rajan Patel.

**Preliminary Statement**

The Complaint's unnumbered paragraphs consist of Plaintiff's characterization of his claims and the facts underlying same, and are in the form of a narrative. As a result, no responsive pleading is required. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."); *see also Adefumi v. Lim*, Civ. A. No. 15-1101, 2017 U.S. Dist. LEXIS 71100, at *2 (E.D. Pa. May 10, 2017) ("Adefumi has failed to comply with Federal Rule of Civil Procedure 10(b). Rule 10(b) requires a party to 'state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.' Adefumi's complaint consists of four long, unnumbered paragraphs. His complaint in its current form makes it almost impossible for Defendants to effectively formulate a response." (citation omitted)).

---

[1] Plaintiff named "ECFMG" as the defendant in this action. At the time this case was filed, ECFMG's full legal name was the "Educational Commission for Foreign Medical Graduates," but since that time, it filed restated articles of incorporation in which its name changed to "Intealth."

**Admissions and Denials**

To the extent any responsive pleading is required, Defendant pleads as follows:

1.  Plaintiff purports to bring a claim under the Americans with Disabilities Act ("ADA").[2]

2.  Defendant denies that it violated the ADA or any other law.

3.  Defendant denies that Plaintiff is entitled to any relief.

4.  The United States Medical Licensing Examination ("USMLE") is a multistep test that United States medical graduates and international medical graduates ("IMGs") must pass to pursue graduate medical education in the United States.

5.  The USMLE is administered by a third-party testing center company called Prometric at Prometric's testing centers around the world.

6.  During the COVID-19 pandemic, Prometric began requiring test takers to wear masks when sitting for the USMLE.

7.  Defendant is a non-profit corporation that issues certificates to IMGs indicating they have met certain minimum criteria to enter graduate medical education in the United States, including that they passed certain parts of the USMLE and satisfied certain other requirements.

8.  As part of its process for certifying IMGs, Defendant requires IMGs to pass Step 1 and Step 2 of the USMLE within seven years, in order to ensure that IMGs' clinical skills and knowledge are sufficiently current to commence graduate medical education.

---

[2] Plaintiff further purports to bring a claim under the Equal Educational Opportunity Act ("EEOA"). This Court dismissed Plaintiff's EEOA claim. *See* ECF 38 at 10–11. The Third Circuit affirmed. *See* ECF 48-1 at 3–4. Accordingly, no responsive pleading is required with respect to Plaintiff's EEOA claim.

9. If an IMG does not pass Step 1 and Step 2 of the USMLE within a seven-year period, the earliest passing score becomes invalid, and the IMG may either (1) request an exception to the seven-year rule after completing the remainder of Step 1 and Step 2 of the USMLE (i.e., to have the invalid score count toward certification), or (2) comply with the seven-year rule by retaking the previously passed exam to replace the invalid score. Pursuant to Defendant's policies, Defendant does not grant preemptive extensions to IMGs' seven-year periods.

10. Plaintiff purports to be an IMG seeking to be certified by Defendant.

11. Plaintiff passed Step 1 of the USMLE in June 2013 and the Clinical Skills component of Step 2 of the USMLE in June 2014.

12. Since June 2013, on six separate occasions, Plaintiff either (1) took and failed or (2) signed up but failed to appear for the Clinical Knowledge component of Step 2 of the USMLE.

13. Defendant specifically denies that Defendant's enforcement of its seven-year rule would prevent Plaintiff from "embark[ing] on [his] career as a physician." At most, it may delay his certification process by requiring him to retake certain exam(s) to ensure that his clinical skills and knowledge are sufficiently current to commence graduate medical education.

14. Defendant is answering the Complaint's allegations solely on behalf of itself, even when the Complaint's allegations refer to alleged conduct by the Defendant and other persons or entities. To the extent the Complaint's allegations refer to the knowledge, conduct, or actions of other persons or entities, Defendant is generally without knowledge or information sufficient to form a belief as to the truth of those allegations, and they are therefore denied.

15. The Complaint contains purported quotations from a number of sources. To the extent such alleged quotations are contained in written documents, Defendant specifically states

that such documents speak for themselves, and Plaintiff's characterizations of them are therefore denied.

16. Defendant denies each and every factual allegation contained in the Complaint except as specifically herein admitted, and any factual averment admitted herein is admitted only as to those specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the Complaint as a whole.

### Affirmative Defenses

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. All actions taken with respect to Plaintiff were taken in good faith and based upon legitimate and non-discriminatory reasons.

3. Defendant acted at all times in good faith and consistently maintained, implemented, and enforced policies against discrimination, and exercised reasonable care to prevent and promptly correct any alleged discrimination.

4. Although Defendant denies any wrongdoing, if any improper, illegal, or discriminatory acts were taken by any of Defendant's employees against Plaintiff, those acts were outside the course and scope of that employee's employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions, which are denied, were independent, intervening, and unforeseeable acts that cannot be attributed or imputed to Defendant.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

6.     Plaintiff's claims are barred, in whole or in part, to the extent that he failed to exhaust, timely and properly, all necessary administrative, statutory and/or jurisdictional remedies or prerequisites.

7.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, unclean hands, and/or other equitable defenses.

8.     Plaintiff's claims are barred or diminished to the extent he failed to mitigate or minimize his damages, the existence of which are denied.

9.     Plaintiff's claims are moot.

## Reservation of Rights

Defendant reserves the right to amend its answer and to assert additional defenses as established by the facts of the case through discovery and/or its continuing investigation. Defendant denies each and every allegation of the Complaint not specifically admitted herein.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated:  July 5, 2023

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Max O. Bernstein, PA Bar No. 325405
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:    +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant ECFMG*

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via the ECF system and email upon:

Rajan Patel
8701 Deanne Dr.
Gaithersburg, MD 20882
drpat108@gmail.com

*Plaintiff*

DATED:  July 5, 2023                                         */s/ Elisa P. McEnroe*
                                                             Elisa P. McEnroe